[No. 34779. *En Banc.* November 27, 1959.]

JAMES A. HENRY, *Appellant,* v. ST. REGIS PAPER COMPANY, *Respondent.*[1]

[1]Reported in 346 P. (2d) 692.

*Durham, Guimont & Moore* and *Max R. Nicolai,* for appellant.

*Eisenhower, Hunter & Ramsdell* and *George M. Hartung, Jr.,* for respondent.

MALLERY, J.—This is an appeal by the plaintiff from a summary judgment for the defendant.

The following decisive facts appear in the indicated pleadings or in an affidavit submitted by the respondent. Being uncontroverted, they were properly taken as true by the trial court.

The appellant was engaged in extrahazardous employment (answer) as supervisor for the Foss Launch and Tug Company (complaint). The complaint further alleged:

"That the defendant operates a pulp mill in the City of Tacoma, State of Washington, and was carrying on the operations of a pulp mill on the 18th day of September, 1953. That on said day after plaintiff finished his morning shift

and while he was on his way home for lunch he was met at the defendant's boom shack by the Superintendent of the Chipping Plant of the defendant, to-wit: Bert Doolittle, and invited to his office on the logging deck of the defendant's plant. That pursuant to said invitation, the plaintiff accompanied by the said Bert Doolittle, went to the logging deck and spent approximately fifteen minutes of his lunch hour in the said Doolittle's office. That he then left the office to go to his car and to return home. That upon leaving Doolittle's office, and while alongside of it on the defendant's premises, the plaintiff suddenly, without warning, was struck by the log carriage operated by the defendant. . . ."

The purpose of the appellant's presence on the respondent's premises is made to appear in the uncontradicted affidavit of the respondent's superintendent, the pertinent part of which is:

"BERT E. DOOLITTLE, being first duly sworn, on oath deposes and says: That he resides at 1229 East 46th Street, Tacoma, Washington; that he has been employed by the St. Regis Paper Company for twenty years, and that on September 18, 1953 and since that date he has acted for the St. Regis Paper Company in the capacity of Wood Mill Superintendent.

"That shortly before 2 P. M. on September 18, 1953, he was outside the mill, itself, examining the logs at the log dump; that during the time he was at the log dump James A. Henry drove up to the mill in his automobile and walked over to where your affiant was standing.

"That the said James A. Henry stated to your affiant that he wished to secure the figures on the number of sinkers which the Foss Launch & Tug Company, of Tacoma, Washington, had hauled into our log dump on the preceding day; . . ."

The respondent is also engaged in extrahazardous employment. See RCW 51.12.010, 51.20.210. It thus affirmatively appears uncontradicted in the record that both the appellant and the respondent were engaged in extrahazardous employment, and that the appellant was injured in the course of that employment while on the premises of the respondent.

RCW 51.24.010 [Rem. Rev. Stat. (Sup.) § 7675, part], according to its terms at the time of the accident, precludes

the maintenance of an action on behalf of an injured workman under these circumstances.

The appellant contends the court erred in considering the affidavit of respondent's superintendent in ruling on the motion for a summary judgment.

First, he contends that many of the allegations in the affidavit consist of conclusions of law rather than evidentiary facts, and, hence, they would be inadmissible in evidence at a trial.

Regarding this contention, it may be stated that the part of the affidavit, which we have quoted, is not subject to this objection and is sufficient, as evidentiary facts, to be admissible at a trial, and, hence, will support a motion for a summary judgment. Any additional allegations in the affidavit which may have consisted of conclusions or inadmissible evidence must be treated as mere surplusage. *Dickheiser v. Pennsylvania R. Co.,* 5 F. R. D. 5; 3 Barron and Holtzoff, Federal Practice and Procedure, 169, § 1237.

Appellant's other contention is that the affidavit does not comply with the requirement of Rule of Pleading, Practice and Procedure 19, 34A Wn. (2d) 81, as amended, effective November 1, 1955, which provides, *inter alia:*

"(e) Form of Affidavits; Further Testimony. Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. . . ."

The part of the affidavit of Bert E. Doolittle, quoted above, is obviously made (1) on personal knowledge, (2) of facts which would be admissible in evidence in the trial of the case, and (3) regarding which the affiant is competent to testify.

It has been held that, while these things must appear on the face of the affidavit, an additional allegation specifically averring that the affiant is competent to testify to the matter stated therein is not required. *Banco De Espana v. Federal Reserve Bank of New York,* 114 F. (2d) 438.

The appellant contends that the summary judgment should not have been granted because

" . . . there exists a genuine issue of fact, *i.e.*, whether appellant at the time of the accident was or was not in the course of his employment, and whether at that time he was or was not in the actual performance of his duties."

■ This contention is without merit. If he was engaged in the furtherance of his employer's business, he was in the course of his employment. *Gordon v. Arden Farms Co.*, 53 Wn. (2d) 41, 330 P. (2d) 561.

The affidavit of respondent's superintendent shows that the occasion for the appellant's visit to its office was to obtain an accounting of the number of sinkers which appellant's employer had hauled to the respondent's log dump the preceding day. The only dispute of this determinative fact is the allegation in the appellant's complaint that

" . . . on said day after plaintiff finished his morning shift and while he was on his way home for lunch he was met at the defendant's boom shack by the Superintendent of the Chipping Plant of the defendant, to-wit: Bert Doolittle, and invited to his office on the logging deck of the defendant's plant. . . ."

■ An allegation that an accident occurred during a noon hour is without significance if the workman was engaged in his employer's business during the noon hour. The so-called noon-hour cases are predicated upon a theory somewhat comparable to an alibi that if one is solely engaged in eating one's lunch he could not have been engaged in the business of his employer. Such reasoning is not applicable under the facts of this case.

The trial court was correct in granting a summary judgment.

The judgment is affirmed.

WEAVER, C. J., HILL, DONWORTH, OTT, and HUNTER, JJ., concur.

FINLEY, ROSELLINI, and FOSTER, JJ., dissent.