[No. 38745.    Department One.    May 11, 1967.]

PANSY LELAND, *Plaintiff,* v. JAMES RAY FROGGE *et al., Appellants,* LYNN MANSELL *et al., Respondents.**

*Reported in 427 P.2d 724.

*Charles T. Sharp,* for appellants.

*S. Dean Arnold,* for respondents.

ARMSTRONG, J.†—In December 1963, the marital community of Lynn and Helen Mansell sold to the marital community of James and Josephine Frogge the merchandise, fixtures and business known as "Kressne Dime Store" in Clarkston. The transaction was carried out by what purported by its title to be a conditional sales contract. Mr. Frogge will hereafter be referred to as the sole appellant and Mr. Mansell as the sole respondent.

Contemporaneously with the sale, Frogge negotiated a loan from a Mrs. Leland secured by a chattel mortgage on the merchandise. The current action was instituted by Mrs. Leland who sought to foreclose the mortgage with Frogge and Mansell as defendants. The foreclosure was granted on August 3, 1965, and is not contested here. The rights between buyer and seller were at that time specifically left for later determination.

Mrs. Leland instituted the original action on April 6, 1965. It appears that on April 7, having previously sent to appellant Frogge a "Notice of Intent to Declare Forfeiture," respondent Mansell took possession of the store and its contents. Appellant Frogge claims that his property was thereby unlawfully converted; respondent Mansell counters that he had a right to seize it under the sales agreement. Appellant contends any security interest created by the agreement is limited to the merchandise originally pur-

---

†Judge Armstrong is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

chased. Respondent says the interest extends as well to all merchandise thereafter acquired.

It is apparent that the rights of the parties are governed primarily by the legal incidents of the sales agreement—yet, because of the summary disposition set out below, it is not now before us for consideration.

Appellant Frogge answered the Leland complaint and cross-complained against respondent Mansell, alleging the latter's conversion of the merchandise in the store. Respondent Mansell answered, denying the allegations of the cross-complaint. At the time Leland's forfeiture was granted appellant's motion for summary judgment was denied. Thereafter, respondent Mansell amended his answer to include abandonment of the merchandise as an affirmative defense. Appellant Frogge again moved for a summary judgment. Respondent Mansell submitted an affidavit resisting the motion.

On October 19, 1965, in response to appellant's second motion for summary judgment, the trial court entered an order reading in part as follows:

> It Is Ordered that Cross-Complainants, James Ray Frogge and Josephine Ann Frogge, his wife, do have and recover judgment against Defendants, Lynn Mansell and Helen Mansell, his wife, for the value of the merchandise as shown on the inventory taken on or about April 7, 1965 in the sum of $10,983.70.
>
> It Is Further Ordered that Defendants, Lynn Mansell and Helen Mansell, his wife, do have and recover judgment against Cross-Complainants, James Ray Frogge and Josephine Ann Frogge, his wife, for the sum of $13,256.71, less the credit for the judgment in favor of James Ray Frogge and Josephine Ann Frogge in the amount of $10,983.70, leaving a net judgment in favor of Defendants, Lynn Mansell and Helen Mansell, his wife, against Cross-Complainants, James Ray Frogge and Josephine Ann Frogge, his wife, in the sum of $2,273.01.

In his memorandum decision the trial judge explained this action by saying that, although he believed the sales agreement was effective neither as a conditional sales agreement

nor as a chattel mortgage, "nevertheless it is a binding promise on the part of the Frogges to pay a sum certain to the Mansells for the then merchandise in the Mansell store, known as the 'Kressne' store. . . . [W]e are here dealing with an instrument that in essence amounts to nothing more nor less than a 'promise' to pay a stipulated sum for the purchase of a stock of 'shifting merchandise.' "

We must determine whether the trial court's order was correctly made. Appellant's position is that there are two judgments—one in favor of himself and one adverse to him. He has appealed from the latter. If this portion must be reversed, we must, in addition, consider whether the remainder favoring appellant Frogge, can stand.

The propriety of the trial court's ruling is governed by Rules of Pleading, Practice and Procedure 56, RCW vol. 0, setting out the grounds upon which summary judgment may be granted. The pertinent portion of the rule, 56(c), says in part:

> (c) Motion and Proceedings Thereon. . . . The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The function of a summary judgment is to determine whether there is a genuine issue of material fact requiring a formal trial. *Balise v. Underwood,* 62 Wn.2d 195, 381 P.2d 966 (1963); *Olson v. Balch,* 63 Wn.2d 938, 389 P.2d 900 (1964). The evidence before the judge is that contained in the pleadings, affidavits, admissions and other material properly presented. *State ex rel. Bond v. State,* 62 Wn.2d 487, 383 P.2d 288 (1963); 3 Barron & Holtzoff, Federal Practice and Procedure § 1236. When a pleading or affidavit is properly made and is uncontradicted, it may be taken as true for purposes of passing upon the motion for summary judgment. *Preston v. Duncan,* 55 Wn.2d 678, 349 P.2d 605 (1960); *Henry v. St. Regis Paper Co.,* 55 Wn.2d 148, 346 P.2d 692 (1959). A party may not rest on formal pleadings, but must affirmatively present the factual evi-

dence upon which he relies. *Reed v. Streib,* 65 Wn.2d 700, 399 P.2d 338 (1965); *Meissner v. Simpson Timber Co.,* 69 Wn.2d 949, 421 P.2d 674 (1966). With these rules in mind, we turn to a consideration of the summary judgment entered in this case.

■ It is clear that the portion of the judgment against appellant Frogge cannot stand. There was no prayer for such relief by respondent Mansell; in essence it was a summary judgment on a counterclaim which was never made. While there is authority for granting summary judgment for a nonmoving party (*Rubenser v. Felice,* 58 Wn.2d 862, 365 P.2d 320 (1961); 4 Orland, Wash. Prac. 66 (1966)), it would be expected that such judgment would be either one of dismissal, or for relief sought by or uncontestedly due that second party. Such was not the case here. Respondent Mansell had made no counterclaim and appellant Frogge admitted no debt—yet an affirmative judgment was entered in the former's favor. Though the trial judge was motivated by the feeling that his was an equitable conclusion, the portion of the judgment in favor of respondent Mansell could not be thus summarily granted.

Respondent claims that the judgment may be upheld reducing the amount of his portion so as to merely set off the amount of that against him. A reading of the cases upon which he relies indicates that such procedure is applicable only if the chattel sold on conditional sale and thereafter improperly seized by the seller from the buyer is one and the same—for example, an automobile. This theory would thus be applicable only to the extent respondent had seized the same merchandise originally sold to appellant.

We next turn to a consideration of the aspect of the summary judgment favorable to appellant Frogge—the award of $10,983.70 for the conversion of his property by respondent's seizure of the same. Appellant argues that, as respondent Mansell has not cross-appealed from the portion of the judgment unfavorable to him, it must stand unassailed on appeal.

■ Although it can be argued that the order of the trial court could be read to intend one summary judgment

in favor of the buyer and appellant Frogge, and a second in favor of seller and respondent Mansell, we do not so read it. Just as appellant Frogge cannot be bound upon a summary judgment granted, in effect, upon a counterclaim which was never made, so also respondent Mansell should not be penalized for failing to cross-appeal from one part of a judgment which was, on the balance, in his favor. Furthermore, the questions presented are so intermixed that a just determination could not be obtained unless both aspects of the case were considered together. Accordingly, we treat the judgment here as single, and thus not requiring formal cross-appeal to sustain an attack by respondent.

Respondent Mansell having passed this hurdle, the question then becomes whether there was an issue of fact making improper the granting of summary judgment. This necessitates examination of the records properly before the trial court upon which its determination was made. Rule of Pleading, Practice and Procedure 56(c).

Appellant's motion for summary judgment was not supported by affidavits, but was rested upon "the pleadings . . . the exhibits . . . the testimony of defendant Lynn Mansell, the 'Appearance' . . . filed . . . for defendants, . . . and the affidavit of defendant Lynn Mansell . . . ." Respondent countered with the last mentioned affidavit, which in relevant part supported his affirmative defense that appellant had abandoned the property and consented to respondent's repossession.

Despite the slenderness of this support, we believe there were shown to be issues of fact which required consideration by way of trial. Granting the limitation of the contract to property originally in the store, there is no clear showing of what portion of the merchandise now there was there originally. Respondent's uncontested affidavit that *some* of the present property was that originally *sold* is sufficient to demonstrate a factual issue. Likewise, the offer to show an abandonment and acquiescence in the retaking of the merchandise, unusual though it may be, was not contested and presents a factual question, the answer to which depends upon further testimony.

We find ourselves in much the same position as in *Preston v. Duncan, supra.* We cannot with any certainty tell what are the issues of fact, but the material presented by appellant's motion was not sufficient to defeat the questions raised by respondent's pleadings and affidavit. Consequently, the order granting summary judgment was not properly made.

The order granting summary judgment is reversed and the case is remanded for further proceedings.

FINLEY, C. J., HILL, WEAVER, and HALE, JJ., concur.