[No. 43608.   En Banc.   August 12, 1976.]

ANTHONY BERNAL, ET AL, *Petitioners*, V. AMERICAN HONDA MOTOR COMPANY, INC., ET AL, *Respondents*.
ANTHONY BERNAL, ET AL, *Petitioners*, V. AMERICAN HONDA MOTOR COMPANY, INC., ET AL, *Defendants*, HONDA MOTOR COMPANY, LTD., *Respondent*.

*Johnson & Crane,* by *Ernest F. Crane* (*Belli, Ash, Ellison & Choulous,* by *Herbert Resner* and *Stephen H. Tabor,* of counsel), for petitioners.

*Guttormsen, Scholfield & Stafford,* by *Jack P. Scholfield,* for respondents.

HOROWITZ, J.—This court granted review of a decision of the Court of Appeals, which affirmed the trial court's order of summary judgment in favor of the defendants in a products liability case. We reverse.

On April 11, 1971, plaintiff Anthony Bernal was a passenger in the rear seat of a Honda 600 automobile which was stopped for a red traffic signal. At that moment, the Honda was struck from the rear by a Pontiac Firebird automobile. The speed of the Pontiac at time of impact is in dispute, and estimates from different persons range from 15 to 40 m.p.h. Plaintiff suffered a spinal injury in the accident, resulting in permanent paralysis from the chest down. His brother, also a rear seat passenger, died immediately following the accident.

In order to properly answer the questions presented by this case, it is necessary to review in greater detail than usual the history of the proceedings. On April 23, 1973, the date the trial court granted defendants' motion for summary judgment now the subject of appeal, the record, summarized chronologically, showed the following.

July 31, 1971, Anthony Bernal and his wife filed their complaint against American Honda Motor Company, the distributor of the automobile, claiming the Honda was of such a negligent design and construction as to be an unreasonable and dangerous risk to its occupants. May 16, 1972, defendant American Honda Motor Company moved for summary judgment. In support of its motion, defendant argued there is no liability in Washington under plaintiffs' theory of recovery.

Plaintiffs' memorandum in opposition to summary judgment argued the opposite view. Plaintiffs' counsel also filed an affidavit stating (1) they had contacted several experts to appear as witnesses in the case; (2) a technical investigator had told them by letter that the primary cause of injury in the accident was a lack of structural rigidity in the rear portion of the Honda; and (3) further discovery as to the design of the Honda was forthcoming. Also filed in opposition to the motion was the affidavit of Officer Jerome Christin, assigned to the traffic division of the Auburn, Washington, police department. He stated that based upon his investigation of traffic accidents in this and other cases, any rear-end collision with this model Honda automobile

under the same circumstances would end in serious injury to passengers in the rear seat of the Honda.

On May 18, 1972, plaintiffs filed an amended complaint, adding two additional claims of relief: (1) strict liability for defective design and construction of the Honda, which was unreasonably dangerous to the user or consumer; and (2) express warranty that the Honda was free from defects and in all respects safe for use in the manner for which it was designed, manufactured and sold. The amended complaint also added Duane Hinshaw, d/b/a Hinshaw's Honda, the retailer of the Honda in question, as a second defendant.

The motion for summary judgment was denied May 26, 1972, without prejudice to defendants' right to renew the motion after the facts had been more fully developed.

September 19, 1972, plaintiffs filed additional answers to defendant American Honda's first interrogatories. The answers are signed and acknowledged by the plaintiffs, signed by their counsel, and state in general terms why the Honda automobile is defectively designed. The same day plaintiffs also filed answers to American Honda's supplementary interrogatories. They enumerate in great detail with facts and figures, the alleged defects in the construction of the Honda. They are signed and acknowledged by the plaintiffs and signed by their counsel.[1]

February 17, 1973, plaintiffs were granted leave by the court to amend their complaint to include Honda Motor Company, Ltd., the manufacturer of the automobile as a party defendant.

The original motion for summary judgment was then renewed.

February 28, 1973, plaintiffs filed a memorandum in opposition to summary judgment. It states the law in Washington permits a claim for enhanced injuries from design defects. Evidence of the Honda's defective design was not discussed.

---

[1] Plaintiffs' petition for review alleges these answers were "prepared by an expert in California."

Defendants, in a supplemental memorandum in support of the motion, filed March 1, 1973, renewed their argument that liability cannot be imposed on the basis of a design defect where the alleged defect was not the proximate cause of the accident. The facts concerning the existence of a dangerous design were argued to be irrelevant to the motion: "The application of the principal [sic] is not going to change by the discovery of additional facts. It is a legal principal [sic] which either applies to this case or it does not apply."

March 3, 1973, plaintiffs filed the deposition of Steven G. Fleming, a 19-year-old employee of a lumber company and a passenger in the Pontiac Firebird. He states his belief the design of the Honda automobile is hazardous.

March 7, 1973, the court rendered an oral decision granting summary judgment to defendants. The court gave as its reason that recovery upon the claims alleged by plaintiffs could only be permitted by legislative action. The court did not discuss plaintiffs' evidence in support of their claims.

March 9, 1973, plaintiffs filed a second amended complaint. It seeks damages against Honda Motor Company, Ltd., under the three claims for relief set out in plaintiffs' first amended complaint.

March 27, 1973, plaintiffs filed an affidavit, attached to and identifying photos of both automobiles following the collision, taken by the Auburn Police Department.

The order granting summary judgment in favor of American Honda Motor Company, Inc., and Duane Hinshaw, d/b/a Hinshaw's Honda, was signed and filed April 11, 1973. It states the court had before it and considered the depositions of Mr. Jerome Christin and Mr. Steven G. Fleming, all exhibits attached, offered in evidence or identified in any of these depositions, all documents filed, and all affidavits and photographs. An order granting summary judgment in favor of Honda Motor Co., Ltd., in the same form as the first, was signed and filed August 10, 1973.

Plaintiffs appealed. The Court of Appeals, Division One, affirmed, but on another ground. *Bernal v. American Honda*

*Motor Co., Inc.*, 11 Wn. App. 903, 527 P.2d 273 (1974). The court noted that subsequent to the grant of summary judgment this court decided *Baumgardner v. American Motors Corp.*, 83 Wn.2d 751, 522 P.2d 829 (1974), which held that an action for enhanced injuries resulting from defective design of a product may be brought in Washington either under a negligence theory or under strict liability. The Court of Appeals nevertheless upheld the trial court upon a ground not considered below. The court held the plaintiffs had not presented a genuine issue of material fact as to whether the design of the Honda automobile violated a standard of care owed by the manufacturer or designer to the user of the product, and if so whether the design defect, if any, caused the enhancement of Anthony Bernal's injuries.

Subsequent to the Court of Appeals opinion, this court decided *Seattle-First Nat'l Bank v. Tabert*, 86 Wn.2d 145, 542 P.2d 774 (1975). *Tabert* clarified the standard for recovery under the theory of strict liability in a design defect case. The court held the plaintiff may recover under strict liability if the product (including the design) is "not reasonably safe." *Seattle-First Nat'l Bank v. Tabert, supra* at 154. A plaintiff is not required to prove defectiveness as a separate matter; "[i]f a product is unreasonably dangerous, it is necessarily defective." *Seattle-First Nat'l Bank v. Tabert, supra* at 154. The court noted the concept of "reasonably safe" is to be measured in terms of the reasonable expectations of the ordinary consumer—a relative rather than absolute concept. The court presented guidelines for applying this test:

> In determining the reasonable expectations of the ordinary consumer, a number of factors must be considered. The relative cost of the product, the gravity of the potential harm from the claimed defect and the cost and feasibility of eliminating or minimizing the risk may be relevant in a particular case. In other instances the nature of the product or the nature of the claimed defect may make other factors relevant to the issue.

*Seattle-First Nat'l Bank v. Tabert, supra* at 154.

Initially, we cannot agree with the Court of Appeals that plaintiffs, by their evidence before the trial court, did not raise a material issue of fact as to the negligence or dangerousness of the Honda's design, and whether it was a proximate cause of enhanced injuries to plaintiff Anthony Bernal. As next appears, the affidavit of Officer Christin together with the photographs showing the condition of the Honda automobile after the collision are sufficient to raise this material issue of fact. We need not, therefore, address ourselves to defendants' contention that the remainder of plaintiffs' evidence does not meet the standards of CR 56(e) because it is too conclusory or no more than inadmissible lay opinion.[2]

To support a denial of summary judgment, the affidavit of Officer Christin must meet the requirements of CR 56(e), namely, (1) be made on personal knowledge, (2) set forth admissible evidentiary facts, and (3) affirmatively show the affiant is competent to testify to the matters stated therein. CR 56(e); *Meadows v. Grant's Auto Brokers, Inc.*, 71 Wn.2d 874, 878, 431 P.2d 216 (1967). The third requirement is met if the contents of the affidavit show the affiant competent. *Henry v. St. Regis Paper Co.*, 55 Wn.2d 148, 151, 346 P.2d 692 (1959). The affidavit of Officer Christin meets these requirements. The affidavit states in part:

> As soon as I saw the Honda vehicle in this case I was of the opinion that it was unsafe. I based this on the direct vertical angle of the trunk lid which is constructed with fiberglass with virtually little space between the rear of the vehicle and the occupants of the rear seat. Thus I feel any rearend collision with this model Honda, under the same circumstances, by any car would end in serious injury or death to the passengers in the rear seat. This is my opinion based upon my investigation in this case and in other cases.

The affidavit clearly meets the first two requirements of CR

---

[2]No objection was made below to the form in which plaintiffs presented their documents. *See Meadows v. Grant's Auto Brokers, Inc.*, 71 Wn.2d 874, 881, 431 P.2d 216 (1967); *Caldwell v. Yellow Cab Serv., Inc.*, 2 Wn. App. 588, 592, 469 P.2d 218 (1970).

56(e), personal knowledge and admissibility on the question of a negligent or unreasonably dangerous design. The third requirement, competence to testify, could reasonably be found here by the trial court.

> The qualifications of an expert are to be judged by the trial court, and its determination will not be set aside in the absence of a showing of an abuse of discretion.

*Nordstrom v. White Metal Rolling & Stamping Corp.*, 75 Wn.2d 629, 642, 453 P.2d 619 (1969). Officer Christin states in the affidavit he has been with the Auburn Police Department for 5 years, $3\frac{1}{2}$ of which have been spent in the traffic division. This traffic work has involved accident investigation. It would not be an abuse of discretion for the trial court to find Officer Christin qualified to testify to the cause of the injuries suffered by Anthony Bernal, and the dangerousness of the design of the Honda.

The contents of the Christin affidavit, as quoted above, could reasonably be found by the trial court to raise the necessary question of material fact.

Likewise, the photographs, when considered with other evidence filed in opposition to the motion, could reasonably be found by the trial court to raise the necessary question of material fact. Photographs are admissible in evidence in the sound discretion of the trial court. *State v. Tatum*, 58 Wn.2d 73, 75, 360 P.2d 754 (1961). They may therefore be considered on a motion for summary judgment if properly made part of an affidavit, as in the instant case. *See* 4 L. Orland, Washington Prac., 261-62 (1968); 10 C. Wright & A. Miller, *Federal Practice and Procedure* § 2722, at 484 (1973).

Both sides agree the Honda automobile, at the moment of impact, was either standing still or just beginning to pull away from a stop. The driver of the Pontiac, in a police statement filed with the trial court, states he collided with the Honda at "an estimated speed of 15 mph & 25 mph." It may be that the kind and amount of damages shown by the photographs to have been suffered by the Honda, when stationary and struck from the rear by an-

other car traveling at 15 to 25 m.p.h., is evidence of a negligent or unreasonably dangerous design. This court has held that evidence of the nature and amount of damage done to a stationary vehicle by a second moving vehicle may properly be admitted by the trial court on the question of whether the second moving vehicle was exceeding a reasonable speed. *Grobe v. Valley Garbage Serv., Inc.*, 87 Wn.2d 217, 551 P.2d 748 (1976). This evidence may be in the form of photographs of both vehicles taken after the accident. *Kramer v. Portland-Seattle Auto Freight, Inc.*, 43 Wn.2d 386, 389, 261 P.2d 692 (1953). By the same token, these photographs may also evidence a design defect in the stationary vehicle if its damages are disproportionate to the speed with which it was struck.

We also are unable to agree with the Court of Appeals interpretation of the rule permitting an appellate court to affirm the grant of summary judgment "if the judgment or order is correct, although the reasons given by the trial court are erroneous." 6 J. Moore, *Federal Practice* ¶ 56.27[1], at 56-1561 (2d ed. 1976). It has been stated the underlying assumption of the general rule permitting affirmance of the trial court upon a correct, alternative ground not considered by the trial court "is, of course, that the parties had a full and fair opportunity to develop facts relevant to the decision. Where this opportunity has not been available, the proper resolution of the appeal is not affirmance but remand." *Heirs of Fruge v. Blood Servs.*, 506 F.2d 841, 844 n.2 (5th Cir. 1975). Thus, when the alternative ground for affirming the trial court's order of summary judgment has not been argued and briefed by the parties either before the trial court or the appellate court, caution must be exercised so as not to deny the appellant the right to dispute the facts material to the new theory. *United States v. General Motors Corp.*, 518 F.2d 420, 441 (D.C. Cir. 1975); *Blackhawk Heating & Plumbing Co. v. Driver*, 433 F.2d 1137, 1144 (D.C. Cir. 1970); *Paskaly v. Seale*, 506 F.2d 1209, 1211 n.4 (9th Cir. 1974).

In the instant case, plaintiffs have not had "a full and

fair opportunity" to dispute the facts on the question of the negligent or unreasonably dangerous design of the Honda automobile. The only question raised by defendants' motion for summary judgment, and the only one considered by the trial court, was the availability of such a claim for enhanced injuries in Washington.

■ Even had this question been before the trial court, we would still be inclined to remand. The plaintiffs, in preparing evidence to oppose the motion for summary judgment, did not have the benefit of the new standards for recovery in products liability cases, set forth in *Baumgardner v. American Motors Corp.*, 83 Wn.2d 751, 758-59, 522 P.2d 829 (1974), and especially *Seattle-First Nat'l Bank v. Tabert*, 86 Wn.2d 145, 154, 542 P.2d 774 (1975). The evidence introduced by plaintiffs, although some of it inadmissible because of formal defects under CR 56(e) (for example, the attorney's affidavit and the answers to American Honda's supplementary interrogatories) is sufficient to apprise this court that plaintiffs have been diligent in their preparation for trial, are acting in good faith, and have relevant and important evidence to present at trial under the standards of *Baumgardner* and *Tabert*. *Whitaker v. Coleman*, 115 F.2d 305, 307 (5th Cir. 1940).

A similar problem of a change in the law during appeal arose in *Brubaker v. Reading Eagle Co.*, 422 Pa. 63, 221 A.2d 190 (1966). A defamation action was brought by a public official against a newspaper, and the jury awarded the official a substantial judgment. While defendant's motion for a new trial was pending, the Supreme Court decided *New York Times v. Sullivan*, 376 U.S. 254, 11 L. Ed. 2d 686, 84 S. Ct. 710, 95 A.L.R.2d 1412 (1964), which set new standards for recovery in defamation suits by public officials. The trial court, on the authority of *Sullivan*, entered an order granting judgment n.o.v. The Pennsylvania Supreme Court reversed the order and directed a new trial, stating:

[C]onsidering the knowledge of the law that the attorneys and the trial court had at the time of trial, it is

impossible to find either that the relevant factual matters were attempted to be proved or that crucial issues were charged upon. Neither can we find as a matter of law that appellant satisfied the requisites of his cause of action under *Sullivan* or that, were a new trial to be granted, he could not do so.

*Brubaker v. Reading Eagle Co., supra* at 65; *accord, Mustang Fuel Corp. v. Youngstown Sheet & Tube Co.,* 516 F.2d 33, 40-41 (10th Cir. 1975); *American Reciprocal Insurers v. Bessonette,* 241 Ore. 500, 504, 405 P.2d 529 (1965); *Denison v. Goforth,* 75 Wn.2d 853, 855, 454 P.2d 218 (1969).

Lastly, this court is hesitant to cut litigants off from their right to a trial by means of a summary judgment, when they have had neither the opportunity nor the occasion to take advantage of CR 56(f). CR 56(f) "protects a party opposing a summary judgment motion who for valid reasons cannot by affidavit—or presumably by any other means authorized under Rule 56(e)—present 'facts essential to justify his opposition' to the motion." 10 C. Wright & A. Miller, *supra* § 2740, at 722. In such a case, the trial court may then refuse summary judgment, order a continuance to give the party opposing summary judgment an opportunity to gather and present the evidentiary facts, or "make such other order as is just." CR 56(f).

We find plaintiffs have presented a genuine issue of material fact as to the negligent or unreasonably dangerous design of the Honda automobile. The case is therefore reversed and remanded for trial.

STAFFORD, C.J., ROSELLINI, HAMILTON, WRIGHT, UTTER, and BRACHTENBACH, JJ., and RUMMEL, J. Pro Tem., concur.