FILED
COURT OF APPEALS
DIVISION II

2014 DEC 16 AM 8:36

STATE OF WASHINGTON

BY
DEPUTY

## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION

| | |
|---|---|
| MARCUS GERLACH and SUZANNE L. GERLACH, husband and wife, | No. 45571-4-II |
| Appellants, | |
| v. | |
| CITY OF BAINBRIDGE ISLAND, a municipal corporation and DOES 1-10, | UNPUBLISHED OPINION |
| Respondents. | |

LEE, J. — Marcus and Suzanne Gerlach appeal the trial court's order dismissing the Gerlachs' declaratory judgment action against the city of Bainbridge Island (the City). Because the appearance of fairness doctrine does not apply to decisions made by the "City Planning Department," there is no legal basis for the Gerlachs' claims, and the trial court properly dismissed their declaratory judgment action. We affirm.

### FACTS

The Gerlachs' history with the City began in 2005, when the Gerlachs applied for a permit to install a mooring buoy. The Gerlachs withdrew their permit request several months later. In 2010, the Gerlachs filed another permit application for a mooring buoy. This permit application was denied. After the permit was denied, the Gerlachs appealed and made numerous allegations of misconduct by members of the City Planning Department. The Gerlachs also filed a federal lawsuit against the City for violation of their civil rights.

The City negotiated a settlement with the Gerlachs regarding the permit application. Ultimately, the Gerlachs obtained a permit for a mooring buoy. The Gerlachs continued their federal litigation, but the U.S. District Court dismissed their civil rights claims.

In 2012, the Gerlachs filed a shoreline substantial development permit (SSDP) application to build a dock, a gate house, a boat hoist, a retaining wall, and a hard-armored (concrete) bulkhead. During the permit review process, the Gerlachs made numerous allegations of unfair treatment by the City Planning Department. Before the City Planning Department issued a decision on their SSDP application, the Gerlachs filed an action for declaratory relief in Kitsap County Superior Court. The Gerlachs requested that the trial court issue a declaratory judgment finding that the City Planning Department violated the appearance of fairness doctrine by considering their SSDP application. The Gerlachs requested that the trial court order the City to transfer their SSDP application to Kitsap County for review and approval.

Before the City filed an answer to the Gerlachs' complaint for declaratory relief, the City Planning Department issued its decision on the Gerlachs' SSDP application. The City Planning Department granted a permit for the dock, gatehouse, and retaining wall but denied the permit to build a concrete bulkhead. The Gerlachs appealed the City Planning Department's decision to the city hearing examiner. The Gerlachs' administrative appeal is stayed pending the outcome of this litigation.

The City filed an answer to the Gerlachs' complaint for declaratory relief and requested that the case be dismissed. The Gerlachs then filed a motion for summary judgment. In response, the City requested that summary judgment be granted in favor of the City as a nonmoving party. The City argued that, as a matter of law, the Gerlachs' action must be dismissed because (1) the

Gerlachs had completely adequate alternative remedies, and (2) the appearance of fairness doctrine did not apply to the initial consideration of an SSDP application by the City Planning Department. The trial court agreed with the City, granted summary judgment in the City's favor, and dismissed the Gerlachs' declaratory judgment action. The Gerlachs filed a motion for reconsideration, which the trial court denied. The Gerlachs appeal.

ANALYSIS

Due to the contentious nature of this case and the Gerlachs' insistence on arguing the underlying substantive nature of their allegations against the City, it is important to be clear about what question is before this court. The dispositive question is whether the Gerlachs met the prerequisite for filing a declaratory judgment action by demonstrating that the appearance of fairness doctrine applies to decisions made by the City Planning Department. As explained below, the trial court properly determined that the appearance of fairness doctrine does not apply to the initial consideration of the Gerlachs' SSDP application by the City Planning Department. Therefore, there is no legal basis to provide the Gerlachs with relief, and the trial court properly dismissed the Gerlachs' declaratory judgment claim.[1]

We review the trial court's order on summary judgment in a declaratory judgment action de novo. *Internet Cmty. & Entm't Corp. v. Wash. State Gambling Comm'n*, 169 Wn.2d 687, 691, 238 P.3d 1163 (2010). Summary judgment is appropriate if, when viewing the facts in the light most favorable to the nonmoving party, no genuine issues of material fact exist and the moving

---

[1] The Gerlachs appeal both the trial court's order granting summary judgment in favor of the City and the trial court's order denying their motion for reconsideration. However, because the trial court's order granting summary judgment in favor of the City and dismissing the case was proper. there was no basis for granting a motion for reconsideration.

party is entitled to judgment as a matter of law. CR 56(c). Summary judgment may be entered in favor of the nonmoving party if there are no disputed facts and as a matter of law the nonmoving party is entitled to summary judgment dismissing the action. *Leland v. Frogge*, 71 Wn.2d 197, 201, 427 P.2d 724 (1967) ("While there is authority for granting summary judgment for a nonmoving party . . ., it would be expected that such judgment would be either one of dismissal, or for relief sought by or uncontestedly due that second party."); *see also Impecoven v. Dep't of Revenue*, 120 Wn.2d 357, 365, 841 P.2d 752 (1992); *Rubenser v. Felice*, 58 Wn.2d 862, 866, 365 P.2d 320 (1961).

Here, the trial court concluded that the Gerlachs had no legal basis for relief because the appearance of fairness doctrine, codified in RCW 42.36.010, does not apply to the initial consideration of a permit when the permit decision is made without a quasi-judicial action in an open, public hearing. The trial court was correct. The appearance of fairness doctrine applies to judicial or quasi-judicial actions where there is an open, public hearing or contested proceeding. RCW 42.36.010. The Gerlachs have not presented any legitimate basis for applying the appearance of fairness doctrine to a purely administrative decision made by executive branch officials without an open, public hearing or contested proceeding.

The appearance of fairness doctrine, as it applies to land use decisions, is codified in chapter 42.36 RCW. RCW 42.36.010 strictly defines the application of the appearance of fairness doctrine in land use decisions:

> Application of the appearance of fairness doctrine to local land use decisions shall be limited to the quasi-judicial actions of local decision-making bodies as defined in this section. Quasi-judicial actions of local decision-making bodies are those actions of the legislative body, planning commission, hearing examiner, zoning adjuster, board of adjustment, or boards which determine the legal rights, duties, or

privileges of specific parties in a hearing or other contested case proceeding. Quasi-judicial actions do not include the legislative actions adopting, amending, or revising comprehensive, community, or neighborhood plans or other land use planning documents or the adoption of area-wide zoning ordinances or the adoption of a zoning amendment that is of area-wide significance.

Under the plain language of RCW 42.36.010 the appearance of fairness doctrine does not apply to administrative decisions made by the City Planning Department without an open, public hearing or contested proceeding.

Statutory interpretation is a question of law that we review de novo. *Clallam County v. Dry Creek Coal.*, 161 Wn. App. 366, 385, 255 P.3d 709 (2011) (citing *Wenatchee Sportsmen Ass'n v. Chelan County*, 141 Wn.2d 169, 175, 4 P.3d 123 (2000)). When the plain language of the statute is unambiguous, our inquiry ends. *Dry Creek Coal.*, 161 Wn. App. at 385 (citing *Bravo v. Dolsen Cos.*, 125 Wn.2d 745, 752, 888 P.2d 147 (1995)). "Unambiguous statutes are not subject to interpretation, one looks at the plain language of the statute without considering outside sources." *Durland v. San Juan County*, 174 Wn. App. 1, 22-23, 298 P.3d 757 (2012) (citing *State v. Delgado*, 148 Wn.2d 723, 727, 63 P.3d 792 (2003)).

The plain language of RCW 42.36.010 is clear and unambiguous. In order for the appearance of fairness doctrine to apply, the decision must be a quasi-judicial action made by a local decision-making body. And, a quasi-judicial action requires a hearing or other contested case proceeding. RCW 42.36.010.

Here, there was no quasi-judicial action because there was no hearing or contested case proceeding. The initial consideration of the Gerlachs' SSDP application was made by the City Planning Department after reviewing the Gerlachs' application materials and public comments. The Gerlachs argue that consideration of their SSDP application was a public hearing because the

application was posted publically and members of the public were invited to comment. However, they cite no authority to support their proposition that posting an application for public comment transforms the City Planning Department's consideration of a permit application into a hearing or other contested proceeding. *DeHeer v. Seattle Post-Intelligencer*, 60 Wn.2d 122, 126, 372 P.2d 193 (1962) ("Where no authorities are cited in support of a proposition, the court is not required to search out authorities, but may assume that counsel, after diligent search, has found none."). Accordingly, the Gerlachs cannot show that consideration of their SSDP application was a quasi-judicial action.

Moreover, the City Planning Department is not a legislative body, planning commission, hearing examiner, zoning adjuster, or board that determines legal rights, duties, or privileges of parties in a hearing or contested case proceeding. Therefore, any action taken by the City Planning Department is not an action taken by a local decision-making body as defined in RCW 42.36.010. Accordingly, RCW 42.36.010 does not apply to the actions of the City Planning Department.

The Gerlachs argue that some cases imply that the appearance of fairness doctrine applies to land use decisions made before administrative hearings. But the Gerlachs' argument lacks merit. The legislature has specifically prohibited us from expanding the application of the appearance of fairness. RCW 42.36.100 is explicit:

> Nothing in this chapter prohibits the restriction or elimination of the appearance of fairness doctrine by the appellate courts. Nothing in this chapter may be construed to expand the appearance of fairness doctrine.

Based on the legislature's clear directive, we do not have the authority to apply the appearance of fairness doctrine to actions other than quasi-judicial actions by local decision-making bodies. To

6

the extent that any case cited by the Gerlachs provides otherwise, we must conclude that it was wrongly decided.

Thus, because the appearance of fairness doctrine codified in RCW 42.36.010 does not apply to decisions made by the City Planning Department, there is no legal basis for the Gerlachs' claim. Accordingly, we affirm the trial court's order granting summary judgment in favor of the City and dismissing the Gerlachs' declaratory judgment action.

A majority of the panel having determined that this opinion will not be published in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Lee, J.

We concur:

_____
Worswick, P.J.

_____
Maxa, J.

7