IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION II

| | |
|---|---|
| WELLS FARGO BANK, N.A., | No. 49531-7-II |
| Respondent, | |
| v. | |
| DUMA VIDEO, INC., a Washington corporation; SULTAN WEATHERSPOON and JANE DOE WEATHERSPOON, husband and wife and their marital community, | UNPUBLISHED OPINION |
| Appellants. | |

WORSWICK, J. — Duma Video Inc., Sultan Weatherspoon ("Weatherspoon"), and Jane

Doe Weatherspoon (collectively, "Duma") appeal a superior court order granting Wells Fargo

Bank's motion for summary judgment in its collection action against Duma. Duma contends that

the superior court erred in granting summary judgment because a genuine issue of material fact

remains as to whether the parties had agreed to settle Duma's debt for $23,000. Duma further

contends that the superior court erred by denying its continuance motion to gather evidence of

this settlement agreement. Because Duma has shown a genuine issue of material fact exists as to

whether the parties had entered into a settlement agreement, we reverse the superior court's order

granting summary judgment in favor of Wells Fargo.

FACTS

On February 5, 2012, Duma Video Inc. entered into a business line of credit agreement

with Wells Fargo. Weatherspoon personally guaranteed to satisfy the obligations of the credit

agreement. Duma later defaulted on the credit agreement.

On November 2, 2015, Wells Fargo filed suit to collect $52,399.89, the full amount due under the credit agreement. On April 8, 2016, Wells Fargo filed a CR 56 motion for summary judgment. In support of its summary judgment motion, Wells Fargo submitted a declaration stating that Duma failed to make payments on the credit agreement and that Duma had an outstanding balance of $52,399.89. Wells Fargo attached to its declaration a copy of the credit agreement signed by Weatherspoon and a copy of the most recent billing statement showing Duma's $52,399.89 outstanding balance.

Duma's response to the summary judgment motion included a declaration from Weatherspoon. Weatherspoon declared that, after receiving notice that Duma owed approximately $55,892.72 on its line of credit, he spoke to Wells Fargo account representative Amanda Layton about settling the debt for $23,000. Weatherspoon further asserted that he had sent Layton the following letter on April 25, 2015, to confirm the settlement's terms:

> Dear Ms. Layton:
>
> We have had multiple extensive phone calls and I wanted to reiterate want [sic] I thought we agreed to.
> You stated that the balance would be paid in full for $20,000 on May 1, 2015. I said that was not possible, but I would like to pay $1,000/month and pay the $20,000 August 8, 2015.
>
> The terms of the agreement are
> $1,000 due May, 8 2015
> $1,000 due June, 8 2015
> $1,000 due July, 8 2015
> $20,000 due August, 8 2015
>
> Please confirm, in writing and I will Fedex the check upon receipt.

Clerk's Papers (CP) at 40. Weatherspoon stated that he then spoke with Layton on April 27, 2015, who confirmed receiving the letter and accepted the terms therein. Weatherspoon also

asserted that he made the first two payments under the settlement agreement, after which Wells Fargo breached the settlement agreement by garnishing $3,492.84 from Duma's account and failing to offset this amount from the credit balance.

In addition to the April 25, 2015 letter to Layton, Duma also attached the following to Weatherspoon's declaration: (1) a March 9, 2015 letter from Wells Fargo demanding a past due payment of $5,425.00 on Duma's $55,310.70 debt; (2) an April 6, 2015 letter from Wells Fargo demanding Duma pay in full its $55,892.73 debt; (3) a July 6, 2015 letter from Weatherspoon to Wells Fargo inquiring about Wells Fargo's authorization to garnish $3,492.84 from Duma's account; and (4) a July 30, 2015 letter from Wells Fargo stating that it garnished Duma's account pursuant to the terms of the agreement.

In reply, Wells Fargo denied that it had accepted any settlement for less than Duma's total debt and denied that it had received any payments from Weatherspoon pursuant to such settlement. Wells Fargo attached to its reply a May 5, 2015 letter from Layton to Weatherspoon confirming the terms of a payment arrangement purportedly reached between the parties, in which Duma was to pay "[t]he sum of $1,000.00 for a period of 3 months beginning May 8th, 2015 and continuing on the 8th of each month thereafter through and including [t]he final payment of $52,892.73 due August 8th, 2015." CP at 54.

On July 22, 2016, the superior court held a hearing to address Wells Fargo's summary judgment motion. At the hearing, Duma stated that Weatherspoon could not locate copies of the settlement payment checks that he had mailed to Wells Fargo. Duma also requested a CR 56(f) continuance to permit it time to depose Layton and to subpoena recordings of the telephone communications between Weatherspoon and Layton. The superior court denied Duma's request

to continue the hearing, granted Wells Fargo's summary judgment motion, and entered judgment against Duma for $52,399.89.[1] Duma appeals.

ANALYSIS

SUMMARY JUDGMENT

Duma contends that the superior court erred by granting Wells Fargo's summary judgment motion because there existed a genuine issue of material fact as to whether the parties had agreed to settle Duma's debt for $23,000. We agree and reverse the superior court's order granting summary judgment in favor of Wells Fargo.

We review summary judgment orders de novo. *Ranger Ins. Co. v. Pierce County*, 164 Wn.2d 545, 552, 192 P.3d 886 (2008). Summary judgment is appropriate if, when viewing the facts and reasonable inferences therefrom in the light most favorable to the nonmoving party, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. CR 56(c); *Ranger Ins.*, 164 Wn.2d at 552; *Barber v. Bankers Life and Cas. Co.*, 81 Wn.2d 140, 142-43, 500 P.2d 88 (1972). A genuine issue of material fact exists when reasonable minds could reach different conclusions. *Michael v. Mosquera-Lacy*, 165 Wn.2d 595, 601, 200 P.3d 695 (2009). We do not weigh evidence or assess witness credibility when reviewing a trial court's summary judgment ruling. *Jones v. State*¸ 170 Wn.2d 338, 354 n. 7, 242 P.3d 825 (2010); *Am. Express Centurion Bank v. Stratman*, 172 Wn. App. 667, 676, 292 P.3d 128 (2012).

---

[1] The summary judgment order here does not designate all the evidence called to the attention of the trial court as required by CR 56(h), but it appears the court considered all the evidence listed above.

4

Summary judgment is subject to a burden-shifting scheme. *Michael*, 165 Wn.2d at 601; *Ranger Ins.*, 164 Wn.2d at 552. The moving party here, Wells Fargo, initially bears the burden of submitting adequate affidavits showing that it is entitled to judgment as a matter of law. *Michael*, 165 Wn.2d at 601-602; *Ranger Ins.*, 164 Wn.2d at 552. If the moving party has met this burden, the burden then shifts to the nonmoving party to set forth "'specific facts which sufficiently rebut the moving party's contentions and disclose the existence of a genuine issue as to a material fact.'" *Ranger Ins.*, 164 Wn.2d at 552 (quoting *Meyer v. Univ. of Wash.*, 105 Wn.2d 847, 852, 719 P.2d 98 (1986)); *Hash v. Children's Orthopedic Hosp. & Med. Ctr.*, 110 Wn.2d 912, 915, 757 P.2d 507 (1988).

Here, Duma does not contend that Wells Fargo failed to meet its initial burden of showing that it was entitled to judgment as a matter of law.[2] Instead, Duma contends that its response and attached affidavit from Weatherspoon "set forth specific facts indicating the genuine issue of material fact . . . that a settlement agreement was entered into and that he made the first two payments." Br. of Appellant (Amended) at 8. We agree.

Duma's response and Weatherspoon's attached declaration set forth the specific facts that (1) Weatherspoon and Layton discussed settling Duma's debt for $23,000; (2) Weatherspoon sent Layton a letter on April 25 to confirm the settlement terms discussed during their earlier conversation; (3) Layton confirmed with Weatherspoon by phone that Wells Fargo had accepted

---

[2] We do not address Wells Fargo's initial burden of showing the absence of genuine issues of material fact because Duma does not raise any contentions on that issue. We briefly note, however, that Wells Fargo had submitted with its summary judgment motion a copy of the agreement that was signed by Weatherspoon and a billing statement showing Duma's outstanding balance of $52,399.89.

the terms of the settlement set forth in the April 25 letter; and (4) Weatherspoon made the first two $1,000 payments per the terms of the settlement agreement. Viewing these facts in a light most favorable to Duma, we hold that Duma has met its burden of rebutting Wells Fargo's summary judgment motion and showing that a genuine issue of material fact exists as to whether the parties had agreed to settle Duma's debt for $23,000 and whether Weatherspoon had made $2,000 in payments toward the $23,000 debt.

Wells Fargo appears to argue that summary judgment was proper because Duma failed to support the factual allegations set forth in Weatherspoon's declaration with documentary evidence. But admissible evidentiary facts set forth in a declaration that show the existence of a genuine issue are sufficient to defeat summary judgment if (1) the affiant is competent to testify to matters stated in the declaration and (2) the facts stated in the declaration are based on the affiant's personal knowledge. CR 56(e); *Bernal v. Am. Honda Motor Co., Inc.*, 87 Wn.2d 406, 412-13, 553 P.2d 107 (1976). Weatherspoon's declaration met these requirements and, thus, Duma carried no additional burden to produce documentary evidence supporting Weatherspoon's statements that Layton had agreed to settle Duma's debt and that Weatherspoon had made $2,000 in payments toward the settled debt.

Accordingly, we reverse the superior court's order granting summary judgment in favor of Wells Fargo. Because we reverse the order granting summary judgment in favor of Wells Fargo, we need not address Duma's alternative argument that the superior court abused its discretion by denying its continuance motion.

6

No.  49531-7-II

A majority of the panel having determined that this opinion will not be printed in the

Washington Appellate Reports, but will be filed for public record in accordance with RCW

2.06.040, it is so ordered.

_____
Worswick, J.

We concur:

_____
Bjorgen, C.J.

_____
Maxa, J.