IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| RANDALL DANSKIN, P.S., a | ) | |
| Professional Service Corporation, | ) | No.  35930-1-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| NANCY TAORMINA, a single person, | ) | |
| | ) | |
| Appellant. | ) | |

FEARING, J. — We affirm the superior court's order granting summary judgment

to a law firm against its former client for fees incurred.  In her appeal brief, the client

only cites to her unsworn answer to the complaint in order to attempt to raise a factual

question.

FACTS

In November 2015, Nancy Taormina hired attorney Michael Wolfe of Randall

Danskin, P.S. to file a guardianship petition for her father, John J. Tormino, Sr.

Curiously the last names of the father and daughter are similar, but not identical.

Taormina sought the guardianship because her brother, John J. K. Tormino, Jr., prevented her from visiting her elderly father in an assisted living facility where he resided and because Taormina believed John Jr. exploited his father. The parties did not enter a written fee agreement, but Taormina admits an oral agreement. Taormina provided Randall Danskin with a $5,000 retainer against which the law firm would initially pay billed costs and fees.

On December 3, 2015, Nancy Taormina, through Michael Wolfe, filed a petition in Spokane County Superior Court seeking a guardianship of the person of her father, John Sr., and his estate and her selection as the guardian of both the person and estate. In her petition, Taormina alleged that John Sr. was incapacitated, that he required a full guardian of his person and his estate, that a guardianship was preferable over powers of attorney previously executed by John Sr. naming John Jr. as attorney in fact, and that the powers of attorney should be voided. John Sr. and John Jr. both contested the need for a guardianship and argued that John Jr. should remain as attorney in fact for John Sr. Throughout the guardianship litigation, Michael Wolfe provided Nancy Taormina with monthly billing statements that showed her legal fees and costs as they accrued.

The superior court appointed Mayree Beckett as guardian ad litem for purposes of the guardianship proceedings. Following an investigation, Beckett recommended the establishment of a guardianship and the appointment of James P. Spurgetis, a certified professional guardian, for the person and estate of John Sr. Beckett noted that the

2

children of John Sr., including Nancy Taormina and John Jr., quarreled and would continue to clash in the future.

Before trial, Nancy Taormina's attorney, Michael Wolfe, advised her that the court would likely follow the guardian ad litem's recommendation of appointing the certified professional guardian. Taormina still insisted on being appointed, and her petition proceeded to four days of trial.

After trial, the superior court read in open court a lengthy oral decision. The court agreed to create a guardianship of the person and estate of John Sr., but refused to appoint either Nancy Taormina or John Jr. as guardian. The court questioned Taormina's credibility. After weighing the evidence, including testimony of independent witnesses, the trial court concluded that Taormina was assaultive and derogatory toward her siblings and John Sr.'s care providers and that the antagonism had resulted in two restraining orders against her. Taormina's denial of the allegations of assaultive behavior impeded her credibility.

In a later written order, the superior court also explained why the court refused to appoint John Jr. as guardian. John Jr. did not understand his role as a fiduciary and managed John Sr.'s estate to the benefit of John Jr. As recommended by the guardian ad litem, the court appointed James Spurgetis as John Sr.'s guardian.

At Nancy Taormina's instruction, Randall Danskin sought reimbursement of her costs and fees from the estate of John Sr. In support of the fee motion, Michael Wolfe

3

submitted a fee affidavit and sent a copy to Taormina. Wolfe attached prior bills to the affidavit. The billing showed total fees and costs of $33,109.00, of which Taormina had paid $19,638.23, leaving a balance of $14,790.14. Taormina did not complain then to the amount of fees. The superior court denied the application for fees. In the court's order denying the motion for fees, the superior court found Randall Danskin's fees reasonable. Nancy Taormina thereafter failed to pay any of the remaining fees owed.

John Sr.'s attorney sought reimbursement of fees from the estate of John Sr. John Jr. also requested that the court order John Sr.'s estate to reimburse John Jr. for attorney fees he incurred. Nancy Taormina, through attorney Michael Wolfe, successfully argued that independent counsel for John Sr. charged an excessive hourly rate. Taormina through counsel also successfully opposed reimbursement of John Jr.'s fees from the estate of her father.

PROCEDURE

Randall Danskin filed this lawsuit against Nancy Taormina to recover the unpaid balance of Taormina's bill. Randall Danskin moved for summary judgment. The trial court granted the motion based on the ground that Taormina never objected to the reasonableness of the fees when she applied for payment of the fees by the estate of John Sr.

LAW AND ANALYSIS

Summary Judgment

On appeal, Nancy Taormina contends the trial court committed error because she was not allowed to object to the reasonableness of Randall Danskin's fees when applying for payment of the fees in the underlying guardianship proceeding. She also argues the fees to be unreasonable and that she only agreed to pay $5,000 for Randall Danskin's services. Finally, she argues that Randall Danskin did not sufficiently inform her of the amount of fees incurring as the litigation progressed.

Appellate courts review a trial court's order granting summary judgment de novo. *Allen v. State*, 118 Wn.2d 753, 757, 826 P.2d 200 (1992). This court engages in the same inquiry as the trial court below. *Vallandigham v. Clover Park School District No. 400*, 154 Wn.2d 16, 26, 109 P.3d 805 (2005).

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. CR 56(c). If the moving party satisfies its initial burden, the nonmoving party must present evidence that demonstrates that material facts are in dispute. *Atherton Condominium Apartment-Owners Association Board of Directors v. Blume Development Co.*, 115 Wn.2d 506, 516, 799 P.2d 250 (1990). In making this responsive showing, the nonmoving party cannot rely on the allegations made in its pleadings, such as its answer

5

to the complaint. *Young v. Key Pharmaceuticals, Inc.*, 112 Wn.2d 216, 225, 770 P.2d 182 (1989). CR 56(e) emphasizes the need to counter a summary judgment motion by affidavit. *Young v. Key Pharmaceuticals, Inc.*, 112 Wn.2d at 225-26. If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to her case, then the trial court should grant the motion. *Hines v. Data Line Systems, Inc.*, 114 Wn.2d 127, 148, 787 P.2d 8 (1990).

In her appeal brief, Nancy Taormina cites to no affidavit testimony that she only agreed to pay $5,000. She cites to her answer to the complaint wherein she agreed to pay no more than $5,000. An answer to the complaint does not suffice to defeat a summary judgment.

We question whether the trial court correctly found Nancy Taormina to be bound by the guardianship court's determination of Randall Danskin's fees to be reasonable when Taormina remained the client of Randall Danskin at the time of the fee application. Nevertheless, we need not address this issue, since Taormina's appeal brief cites to no affidavit testimony in the pending litigation wherein she otherwise provided facts showing the amount of fees to be unreasonable. She only cites to her answer to the complaint wherein she disputes the reasonableness of the fees. We may affirm on other ground supported by the record provided the parties had a full and fair opportunity to develop the relevant facts. *Bernal v. American Honda Motor Co.*, 87 Wn.2d 406, 414, 553 P.2d 107 (1976).

Attorney Fees

Pursuant to RAP 18.9, Randall Danskin seeks an award of its attorney fees incurred on appeal. RAP 18.9(a) authorizes this court to order a party who files a frivolous appeal "to pay terms or compensatory damages to any other party who has been harmed by the delay or the failure to comply or to pay sanctions to the court." Appropriate sanctions may include an award of attorney fees to the opposing party. *Rhinehart v. Seattle Times*, 59 Wn. App. 332, 342, 798 P.2d 1155 (1990).

An appeal is frivolous when the appellant presents no debatable issues on which reasonable minds could differ and when the appeal is so totally devoid of merit that there was no reasonable possibility of reversal. *Mahoney v. Shinpoch*, 107 Wn.2d 679, 691, 732 P.2d 510 (1987). Appellate courts examine the record as a whole, and doubts should be resolved in favor of the appellant. *Mahoney v. Shinpoch*, 107 Wn.2d at 692. We decline to characterize Nancy Taormina's appeal as frivolous because we question whether the superior court's ruling in the earlier guardianship litigation precludes her challenging Randall Danskin's fee request.

CONCLUSION

We affirm the trial court's judgment in favor of Randall Danskin for attorney fees charged in the guardianship litigation. We deny Randall Danskin fees on appeal.

No. 35930-1-III
*Randall Danskin v. Taormina*

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Fearing, J.

WE CONCUR:

_____
Korsmo, J.

_____
Lawrence-Berrey, C.J.