Papencordt, Appellant, *v.* Masterwork
Paint Co.

Argued October 3, 1963. Before MUSMANNO, JONES,
COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Donald E. Ziegler,* with him *Leonard M. Mendelson,* for appellant.

*James R. Hornick,* for appellee.

OPINION BY MR. JUSTICE ROBERTS, November 12, 1963:

On February 4, 1960, Joseph W. Link sustained damage to his automobile; he filed a trespass action before an alderman and recovered a default judgment against appellees for $130. Appellees appealed to the County Court of Allegheny County and filed a counterclaim for property damage. Link died on May 14, 1960, and appellant was substituted as a party in the county court action.

Appellant petitioned in June, 1960, for the transfer of the initial cause of action to the Court of Common Pleas of Allegheny County, asserting her intention to file a complaint under the Wrongful Death Act and the Survival Act, and alleging that Link's death was caused by the collision of February 4, 1960. The action was ordered transferred (the Prothonotary's certificate of transfer is dated June 20, 1960) and was docketed on the same day at No. 3786, July Term, 1960, in the court of common pleas.

Rather than file a separate action in the court of common pleas, appellant filed a complaint on June 21,

1960, seeking damages under the Wrongful Death Act and the Survival Act at the same number and term of court as the action which had been transferred from county court the preceding day. Appellees, by counsel, accepted service of this complaint, and the matter lay dormant, except for placing it at issue, until March 28, 1963, when appellees petitioned that the case be transferred back to county court. The petition raised the question of the court's jurisdiction over the subject matter of the action. Appellees contended that plaintiff-appellant was limited in her claim to the amount of the judgment before the alderman. The court granted the prayer of the petition and ordered the action transferred. The instant appeal is from that order.

As so frequently happens when the proper procedures are not followed, the legal issues become clouded. We agree with appellees that a separate and distinct action should have been filed by appellant in the court of common pleas and that the new action and the property damage claim which had been transferred should then have been consolidated for trial. In a strictly technical sense, it may be argued that the complaint which was filed in common pleas was an extension of the action begun before the alderman. Although it does not appear that appellees objected to the transfer of the property damage claim from county court to common pleas, the county court should not have ordered the matter transferred to the court of common pleas before any action was pending in the latter court. See Pa. R. C. P. 213.

Appellees do not dispute that appellant had the right to institute wrongful death and survival actions in the court of common pleas and then to have those actions consolidated for trial with the property damage claim. But they now take the position that appellant elected to pursue the action at the number and

term of the case which was instituted by her decedent, which action is bound by the jurisdictional limitations attending aldermanic proceedings.

We are unwilling to accept appellees' view as controlling under the present circumstances. The court of common pleas has general jurisdiction over the subject matter, and appellant should not be prejudiced by failure to docket separately the complaint in the survival and wrongful death actions. Having accepted service of the complaint, appellees did not raise their contention until after the expiration of the statute of limitations on the personal injury claims. We do not regard the petition of March 28, 1963, as one which challenged jurisdiction over the subject matter. Its effect was simply to attempt an attack on jurisdiction over a cause which the court was competent to adjudicate. Had these objections been taken earlier and found to be meritorious, appellant then would have had the opportunity to file a separate action, the two cases would have been consolidated, and delay and this appeal would have been avoided.

General jurisdiction over subject matter can never be obtained by consent of the parties, waiver or estoppel, *Bell Appeal,* 396 Pa. 592, 152 A. 2d 731 (1959), but because we deem this appeal to involve procedural rather than jurisdictional problems, this principle is not involved. Where a court has general jurisdiction over the subject matter of the litigation, any irregularity in the method by which the court obtains jurisdiction of a particular case is usually waived by failure to raise the objection timely. See, e.g., *Ciammaichella Appeal,* 369 Pa. 278, 288, 85 A. 2d 406, 411 (1952); *Susquehanna County Auditor's Report,* 123 Pa. Superior Ct. 195, 187 Atl. 78 (1936); 21 C.J.S., Courts §110. Defects in process or procedure may always be waived provided there is general jurisdiction of the subject matter.

The subject-matter of the complaint for the wrongful death and survival actions which was filed in the court of common pleas was within the jurisdiction of that court. Appellees have waived any objection they had to the defective procedure of filing that complaint under a possibly erroneous term and number by their failure to act timely. The court below erred in transferring the case back to the county court at this late date (after three years of inaction by appellees) merely because the case had not been properly docketed by the formal filing of a separate action, under a separate term and number.

The order is reversed and the case is directed to be reinstated in the court of common pleas.