## Brubaker, Appellant, *v.* Reading Eagle Company.

64

Argued April 20, 1966.   Before BELL, C. J., MUS-
MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS,
JJ.

*Robert Levin,* with him *Frederick O. Brubaker,* and
*Levin, Levin and Stock,* for appellant.

*John R. McConnell,* with him *Arthur Littleton, John
D. Glase, Charles H. Weidner,* and *Morgan, Lewis &
Bockius,* and *Stevens & Lee,* for appellee.

OPINION BY MR. JUSTICE COHEN, June 24, 1966:

While Frederick Brubaker, appellant, was District
Attorney of Berks County certain articles appeared in
the Reading Times, a newspaper published by the Read-
ing Eagle Company, appellee, severely criticizing ap-
pellant's performance of the functions of his office.   Al-
leging that various of the statements were libelous,

appellant instituted an action in the lower court and obtained a substantial verdict. Pending determination of appellee's motions for judgment non obstante veredicto or a new trial, the United States Supreme Court decided the case of *New York Times Co. v. Sullivan,* 376 U.S. 254 (1964). On the authority of that decision, the court en banc entered an order granting judgment n.o.v.

*Sullivan,* supra, has greatly changed the law of defamation in the political context. The doctrines there set forth have been developed in subsequent litigation. See, *Garrison v. Louisiana,* 379 U.S. 64 (1964); *Rosenblatt v. Baer,* 383 U.S. 75, 15 L. Ed. 2d 597 (1966); and *Linn v. United Plant Guard Workers,* 383 U.S. 53, 15 L. Ed. 2d 582 (1966).

Therefore, considering the knowledge of the law that the attorneys and the trial court had at the time of trial, it is impossible to find either that the relevant factual matters were attempted to be proved or that crucial issues were charged upon. Neither can we find as a matter of law that appellant satisfied the requisites of his cause of action under *Sullivan* or that, were a new trial to be granted, he could not do so.

In the very recent case of *Rosenblatt v. Baer,* supra at 87-88, the United States Supreme Court held: ". . . if the claim falls within New York Times, the record suggests respondent may be able to present a jury question of malice as there defined. Because trial here was had before New York Times, we have concluded that we should not foreclose him from attempting retrial of his action." We agree with this language and so hold here.

Appellant, in addition to requesting a new trial, also asks that we find as a matter of law that the statements sued upon were defamatory and that they applied to him. We, however, have determined that fairness to the parties requires a remand of the case on all issues.

Finally, appellant argues that several of the articles defamed him as a private citizen, and that, therefore, *Sullivan* does not apply. Because of the chronology of the case with regard to *Sullivan*, there was no opportunity to present this question to the lower court and therefore no determination was made in the court below. Since the court below will be able to pass upon the question on remand, we do not believe it is properly here for decision now.

Judgment vacated and new trial granted.