455 A.2d 710

**Pauline J. JONES, Appellant,**

v.

**STATE AUTOMOBILE INSURANCE ASSOCIATION.**

Superior Court of Pennsylvania.

Argued May 21, 1982.

Filed Jan. 28, 1983.

Howard William White, Jr., Franklin, for appellant.

F. Bloom, III, Oil City, for appellee.

Before CERCONE, President Judge, and HESTER, BROSKY, ROWLEY, McEWEN, JOHNSON and POPOVICH, JJ.

ROWLEY, Judge:

This case presents for our determination issues not presented to, or decided by, this Court in *Floczak v. Nationwide Mutual Insurance Co.*, 289 Pa.Super. 438, 433 A.2d 885 (1981).

Pauline J. Jones, appellant, sustained injuries in an automobile accident on October 27, 1977. Appellee, State Automobile Insurance Association, appellant's no-fault insurer, commenced the payment of "work loss" benefits to appellant under the provisions of her policy. However, appellee terminated payment of "work loss" benefits on August 8, 1978, following a physical examination of appellant. In November of 1978, appellant initiated these proceedings by filing, in the trial court, a *petition* asking that appellee be required to resume payments for work loss benefits, and in addition, that it be required to pay interest on the amount determined to be due and also to pay her attorney's fees. A rule was issued by the trial court on appellee to show cause why the petition should not be granted. Depositions were taken by the parties and the case was submitted to the trial court on the petition, rule, answer, and depositions, following oral argument. On April 9, 1980, the trial court filed an opinion and order in which the appellant's petition was "dismissed". This appeal was filed from the court's order dismissing appellant's petition.

Appellant initially presented as issues for this Court's determination, the appropriate allocation of the burden of proof in this proceeding, as well as the sufficiency of the

evidence to support the trial court's denial of relief. Following argument before a panel of this Court, but prior to a decision having been filed, another panel of this Court filed the decision in *Floczak, supra.,* on July 24, 1981.

In *Floczak,* our Court held that a claim for basic work loss benefits under the Pennsylvania No-Fault Insurance Act may not be commenced by petition and rule. That decision was based on the language of § 106 of the No-Fault Act, which provides for commencement of "an action" to recover benefits. The Court stated that although the term "action" is not defined in the No-Fault Act, it is defined in the Statutory Construction Act as "any suit or proceeding in any court of this Commonwealth". 1 Pa.C.S.A. § 1991. The Court concluded that an "action" must be commenced as provided by the Rules of Civil Procedure, unless otherwise expressly provided by statute. Neither the rules of civil procedure nor the No-Fault Act authorize commencement of an action by petition. Therefore, in accordance with Rule 1007, an action for no-fault benefits may only be commenced by filing 1) a praecipe for a writ of summons, 2) a complaint, or 3) an agreement for an amicable action. This Court then reversed the trial court's order that had denied the defendant's preliminary objection in the nature of a motion to strike the petition and rule by which the plaintiff had commenced her action.

After the decision in *Floczak,* our Court granted reargument in this case before the court *en banc* and directed counsel to address two additional questions. The first question to be addressed is whether the commencement of this no-fault action by petition and rule is a waivable defect. The second question that counsel were directed to address is whether appellant was required to file exceptions to the trial court's decision in order to preserve issues for appellate review and, if so, the effect of her failure to do so in this case.

We have concluded that the commencement of an action under the No-Fault Act by petition and rule is a waivable procedural defect and in this case was waived by appellee.

We have also concluded that in order to preserve issues for appellate review, a party must file exceptions to the trial court's decision and have the exceptions passed upon by the trial court *en banc*. Finally, we have determined that under the special circumstances of this case, appellant's failure to file exceptions may be excused. Therefore, this case will be remanded to the trial court for the filing of exceptions and further proceedings.

■ The first issue to be addressed is whether commencement of a no-fault action by petition and rule is a waivable defect. It should be noted that this was not an issue in *Floczak*. In that case, the insurer filed preliminary objections to the petition, including a motion to strike, arguing that pursuant to Pa.R.C.P. 1007, the proper method of initiating the action was by summons or complaint. On the other hand, in this case the appellee did not object to the manner in which the proceeding was initiated. On the contrary, appellee filed an answer to the petition.

Both parties agree that the improper initiation of this action does not raise a question of subject matter jurisdiction, since the Court of Common Pleas clearly has jurisdiction to hear matters relating to enforcement of rights under the No-Fault Act. Rather, the initiation of this action by petition and rule was merely a procedural defect and, as such, was waivable. By filing an answer to appellant's petition, appellee waived any objection to the manner in which the action was commenced. The parties, therefore, urge the Court to consider the second issue raised in this appeal; whether it was necessary to file exceptions to the order.

■ We agree with the parties that the commencement of this action by petition and rule was a waivable, procedural defect. Since there is no doubt that the Courts of Common Pleas have subject matter jurisdiction to adjudicate controversies arising under the No-Fault Act, the improper initiation of a proceeding under that Act must be considered an irregularity that does not impair the court's

ability to resolve the dispute. "Where a court has general jurisdiction over the subject matter of the litigation, any irregularity in the method by which the court obtains jurisdiction of a particular case is usually waived by failure to raise the objection timely. (citations omitted) Defects in process or procedure may always be waived provided there is general jurisdiction of the subject matter." *Papencordt v. Masterwork Paint Co.*, 412 Pa. 508, 511, 194 A.2d 878, 880 (1963). Therefore, by responding to appellant's petition on its merits, appellee has waived any objection it had to the manner in which this action was initiated.

We turn now to the issue of whether appellant could properly file an immediate appeal from the order dismissing her petition. Appellant contends that the petition and rule procedure is "akin to summary judgment" under Pa.R.C.P. 1035 and therefore the order is a final judgment which is immediately appealable. Hence, appellant argues that her appeal is properly perfected and we should dispose of the appeal on its merits. Appellee argues that although it waived the improper initiation of the action, the trial court's decision is analogous to the disposition of a case, on its merits, by a non-jury trial pursuant to Pa.R.C.P. 1038, which requires the filing of exceptions within ten days after notice of the filing of the decision. Appellee therefore argues that appellant, by failing to file exceptions to the trial court's decision, has failed to preserve any claimed errors for appellate review.

We have concluded that the proper procedure to be followed in such cases, even though initiated by petition and rule, is the same as that followed in the disposition of civil cases following a non-jury trial.

Summary judgment will not be entered unless a case is free from doubt and no material facts are in dispute. Pa.R.C.P. 1035(b); *Husak v. Berkel, Inc.*, 234 Pa.Super. 452, 458, 341 A.2d 174, 177 (1975). In this case, however, several important facts were in dispute. Specifically, appellee questioned whether appellant was actually disabled and, if so, whether such disability was caused by the accident in

question. Although the trial judge did not actually observe the witnesses testifying, it is clear that his decision was largely based on a determination of the credibility of the witnesses. The trial judge stated in his opinion, "For the reasons discussed below we accept the opinion of Dr. Minde and reject that of Dr. Fee." Therefore, we have concluded that an action to obtain no-fault benefits, although initiated improperly by means of petition and rule, is governed by Pa.R.C.P. 1038 just as it would be if commenced properly and tried before the court without a jury. Appellant was required, therefore, to file exceptions to the decision of the trial court before bringing this appeal.

Normally, of course, the failure to file exceptions under Pa.R.C.P. 1038 results in a failure to preserve issues for appellate review. *Gibson v. Miller*, 265 Pa.Super. 597, 402 A.2d 1033 (1979). However, it is our opinion that appellant's failure to file exceptions in *this* case should be excused in view of the extraordinary circumstances present. In view of the considerable confusion that existed prior to the court's decision in *Floczak v. Nationwide Mutual Insurance Co., supra.,* about the proper procedure to be followed in these cases, appellant's belief that the action could be begun by petition and rule had, at least, arguable merit. Additionally, no rule of court expressly requires the filing of exceptions to a final order dismissing a petition. In fact, a panel of this court had held that Rule 1038(d) did *not* apply to petition and rule proceedings. *Kennedy v. Frank L. Black, Inc.,* 271 Pa.Super. 454, 413 A.2d 1104 (1979). Therefore, appellant's right of review should not be barred by her failure to file exceptions.

In certain cases, justice may require that courts permit litigants an opportunity to mold their positions to meet changes in or clarification of the law that occur during the pendancy of appellate proceedings. *Brubaker v. Reading Eagle Co.,* 422 Pa. 63, 221 A.2d 190 (1966).[1] *See also Dunn*

---

1. *Brubaker* was a defamation case in which a public official was awarded a substantial verdict against a newspaper. While post-trial motions were pending, the United States Supreme Court set down new

*v. Merck & Company, Inc.*, 463 Pa. 441, 345 A.2d 601 (1975).[2] In those no-fault cases now on appeal, which were commenced by petition and rule without objection by the defendant, and where a final order was entered by the trial court prior to *Floczak, supra.*, the failure to file exceptions will be excused. The parties urge that if we reach this result we should proceed to determine, on their merits, the issues raised by appellant. Such a procedure would deprive this Court, however, of having the benefit of the trial court's consideration of appellant's specific objections to its decision. Appellate review is more meaningful when the trial court has first had an opportunity to review its decision and to address the specific allegations of error raised in exceptions. The number of cases falling in this category should be relatively small and their reconsideration would not unduly burden the judicial system. Therefore, we will remand this case to the trial court in order to permit appellant to file exceptions to the order dismissing her petition.

Case remanded for further proceedings.

Jurisdiction relinquished.

CERCONE, President Judge, concurs in the result.

HESTER, J., files a dissenting opinion.

HESTER, Judge, dissenting:

I agree with the majority on several significant points. First, I concur that the improper initiation of these proceedings by petition and rule was a procedural jurisdictional

standards for such cases in *New York Times v. Sullivan*, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964). Based on Sullivan, the trial court granted judgment n.o.v. The Pennsylvania Supreme Court reversed and ordered a new trial in order to give the plaintiff an opportunity to meet the new standards announced in *Sullivan*.

2. *Dunn* involved a change in the case law concerning interpretation of a provision of the Workmen's Compensation Act which occurred while plaintiff's case was on appeal. The case was remanded to the Workmen's Compensation Board in order to give plaintiff an opportunity to meet the new test.

defect which was waived when appellee filed an answer to the petition.

Second, I agree that this proceeding is not analogous to a summary judgment proceeding. Rather, as the majority notes, the trial court's decision herein is comparable to the disposition of a case, on its merits, by a non-jury trial. Consequently, the same procedure should be adhered to in this case as is followed in the disposition of civil cases after a non-jury trial. Pa.R.C.P. 1038(d) provides:

"Within ten (10) days after notice of the filing of the decision, exceptions may be filed by any party to the decision or any part thereof, to rulings on objections to evidence or to any other matters occurring during the trial. Each exception shall set forth a separate objection precisely and without discussion. Matters not covered by exceptions are deemed waived unless, prior to final judgment, leave is granted to file exceptions raising these matters. No motion for a new trial, for judgment non obstante veredicto, in arrest of judgment or to remove a nonsuit may be filed." [1]

It is at this juncture that I must part with the majority. In their opinion, they excuse appellant's failure to file exceptions and provide her with an opportunity on remand to mold her position in accordance with clarification of the law which has occurred during the course of her appeal.

I disagree.

As stated above, a proceeding to obtain No Fault benefits which was initiated by petition and rule is analogous to a non-jury trial. Therefore, it should be subject to Pa.R.C.P. 1038, which mandates the filing of exceptions within ten (10) days after notice of the filing of the decision.

The majority relies upon *Kennedy v. Frank L. Black, Inc.*, 271 Pa.Super. 454, 413 A.2d 1104 (1979), which held that Pa.R.C.P. 1038(d) did *not* apply to petition and rule proceedings. However, therein, the petition and rule proce-

---

**1.** Pa.R.C.P. 1038, which dictates the procedure for non-jury trials in actions in assumpsit, is made applicable to actions in trespass by Pa.R.C.P. 1048.

dure was employed in an effort to open and/or strike a default judgment. The practice governing appeals from the grant or refusal to open or strike a judgment taken by default is totally distinguishable and nondispositive of the instant case. Direct appeals to this court from either the grant or refusal to open or strike a judgment taken by default conforms with Pa.R.A.P. 311(a) which authorizes an appeal as of right from certain interlocutory orders, including orders which open or refuse to open or strike a default judgment. Moreover, this rule specifically directs that such orders are "immediately appealable." See *America Corp. v. Cascerceri*, 255 Pa.Super. 574, 389 A.2d 126 (1978); *Kennedy v. Frank L. Black, Jr., Inc., supra.*

Accordingly, I conclude that appellant, by failing to file timely exceptions in the lower court to the Order dismissing her petition, has failed to preserve any substantive issues for appeal. I would affirm the Order of the lower court.