458 A.2d 1390

**Rose FUSCO, Appellant,**

v.

**KEYSTONE INSURANCE COMPANY.**

Superior Court of Pennsylvania.

Argued June 23, 1982.

Filed April 22, 1983.

472

Ronald A. Blumfield, Philadelphia, for appellant.

William C. McGovern, Philadelphia, for appellee.

Before WICKERSHAM, McEWEN and LIPEZ, JJ.

WICKERSHAM, Judge:

This is an appeal from a lower court order which denied a petition seeking certain benefits under and pursuant to the No-fault Motor Vehicle Insurance Act (hereinafter, the Act).[1]

In her petition, Rose Fusco alleged that her daughter Rose Marie Fusco had been involved in a motor vehicle accident, having been struck by a motor vehicle in Philadelphia on October 18, 1976. She died as the result of her injuries the following day. On April 21, 1977 appellee, Keystone Insurance Company, made a payment for medical costs incurred as a result of the accident.

On April 17, 1979 Rose Fusco, appellant herein, filed her petition seeking to recover from Keystone Insurance Com-

1. Act of July 19, 1974, P.L. 489, No. 176, §§ 101 *et seq.*, 40 P.S. §§ 1009.101 *et seq.*

pany survivor's benefits and work loss benefits under the Act. Keystone Insurance Company filed an answer to the petition. The lower court found that Fusco's claims were barred by the time limitations set forth in section 106(c)(2) of the Act and dismissed the petition. This appeal followed.[2]

In considering these claims we are mindful of the Pennsylvania Supreme Court's recent holding in *Sachritz v. Pennsylvania National Mutual Casualty Insurance Company*, 500 Pa. 167, 455 A.2d 101 (1982), which stated, "we have concluded that the legislature has provided comprehensive statutes of limitations in Sections 106(c)(1) and 106(c)(2), covering all no-fault benefits" *Id.*, 500 Pa. at 168, 455 A.2d at 102.

Appellant Fusco frames the issue presented as follows: Did the lower court commit an error of law by denying Appellant's Petition for Survivor's Benefits and Wage Loss under the Pennsylvania No-Fault Motor Vehicle Insurance Act, 40 P.S. § 1009.101 et seq. for the reason that said Petition was untimely filed?

Brief for Appellant at 2.

Initially, we will consider Fusco's claim for work loss benefits. In *Sachritz*, the court held, concerning post-mortem work loss benefits: "While they are not survivor's benefits they do arise 'otherwise than from death,' specifically from the work loss resulting from the effects of the

---

**2.** Recently the Superior Court, sitting *en banc*, decided that the commencement of an action under the No-fault Act by petition is a waivable procedural defect, see *Jones v. State Automobile Insurance Association*, 309 Pa.Super. 477, 455 A.2d 710 (1983), but also see *Hartmann v. Peterson*, 438 Pa. 291, 265 A.2d 127 (1970) (court has no power to make any order unless action commenced by complaint, summons or amicable agreement.) Instantly, no objection was made to the initiation of suit by petition.

The court in *Jones* also held that in those no-fault cases now on appeal, which were commenced by petition and rule without objection by the defendant and in which a final order was entered prior to July 24, 1981, the failure of an appellant to file exceptions will be excused. Here, no exceptions were filed, however, the lower court denied appellant Fusco's petition on June 16, 1980. A notice of appeal was filed ten days later. This appeal is timely and proper.

covered injury . . . ." *Id.*, 500 Pa. at 171, 455 A.2d at 103–04. The relevant statute of limitations under the Act will, therefore, be found in section 106(c)(1), wherein it is provided:

> If no-fault benefits have been paid for loss arising otherwise than from death, an action for further benefits, other than survivor's benefits, by either the same or another claimant; may be commenced *not later than two years after the last payment of benefits.*

(Emphasis added.)

Certainly payments for medical care do not arise from death; rather they arise from attempts to save or help the victim. Since a payment for medical costs was made on April 21, 1977 and the petition for further benefits, including work loss benefits, was filed less than two years later, the claim for work loss benefits was commenced timely.

■ We now turn to Rose Fusco's claim for survivor's benefits. In *Sachritz*, the court held: "Initial claims for survivor's benefits under the No-fault Insurance Act are subject to *a one year* limitation under Section 106(c)(2). . . ." *Id.*, 500 Pa. at 176–77, 455 A.2d at 107. Section 106(c)(2) provides:

> If no-fault benefits have not been paid to the deceased victim or his survivor or survivors, an action for survivor's benefits may be commenced not later than one year after the death or four years after the accident from which death results, whichever is earlier. If survivor's benefits have been paid to any survivor, an action for further survivor's benefits by either the same or another claimant may be commenced not later than two years after the last payment of benefits. If no-fault benefits have been paid for loss suffered by a victim before his death resulting from the injury, an action for survivor's benefits may be commenced not later than one year after the death or six years after the last payment of benefits, whichever is earlier.

No payments of survivor's benefits have yet been made in this case. Rose Marie Fusco died on October 19, 1976; the

presently considered suit was not commenced within one year of that date; the claim for survivor's benefits is, therefore, untimely.[3]

That portion of the lower court's order denying survivor's benefits is affirmed; that portion of the order denying work loss benefits is reversed; because of the clarity of the issues presented there is no need for exceptions to be filed here. The case is remanded for proceedings consistent with this opinion. We relinquish jurisdiction.

3. We reject appellant Fusco's contention that since her legal rights to the benefits she seeks here were "undefined" until the Pennsylvania Supreme Court decision in *Allstate Insurance Co. v. Heffner*, 491 Pa. 447, 421 A.2d 629 (1980), she should be considered to be under a "legal disability" until the date of that decision and that the period pre-dating *Heffner* should not be considered against her in determining the timeliness of her claim. See *Daniels v. State Farm Mutual Automobile Insurance Co.*, 283 Pa.Super. 336, 343, 423 A.2d 1284, 1288 (1980) (*Heffner* did not change the law or create a new right to work loss benefits; that right existed all along.)