460 A.2d 1098

COMMONWEALTH of Pennsylvania ex rel. Elmer J. WALT-
MAN and Charles Raudenbush, Sr., Appellants,

v.

John GRACZYK and Thomas Traverse, Appellees.

Supreme Court of Pennsylvania.

Submitted April 28, 1983.

Decided June 9, 1983.

Daniel J. Lawler, Feasterville, for appellants.

James M. McMaster, Feasterville, for appellees.

Before ROBERTS, C.J., and NIX, LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON and ZAPPALA, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

After a hearing in the Court of Common Pleas of Bucks County on an action in quo warranto involving the claim of appellant Charles Raudenbush to the seat on the Lower Southhampton Township Municipal Authority then held by appellee Thomas Traverse, the lower court entered a judgment in favor of Traverse and against Raudenbush. Raudenbush took a direct appeal challenging the propriety of the lower court's ruling, to this Court pursuant to the Act of July 9, 1976, P.L. 586, No. 142, § 2, eff. June 27, 1978, as amended, 42 Pa.C.S.A. § 722(2), which confers on this Court the exclusive jurisdiction of appeals from final orders of Courts of Common Pleas in cases involving the right to public office.

■ Traverse urges this appeal be quashed as premature on the basis that no final judgment was entered pursuant to Pa.R.C.P. 1038(e). Rule 1038(e) provides in pertinent part:

The prothonotary shall, on praecipe, enter final judgment on the decision if no exceptions have been filed within the ten (10) day period or if a waiver in writing of the right to file exceptions signed by all parties has been filed. . . .

It is true that neither of the parties praeciped for entry of final judgment under Rule 1038(e). However, Traverse overlooks Pa.R.C.P. 1039, which provides:

In addition to the provisions of any Rule of Civil Procedure or Act of Assembly authorizing the prothonotary to enter judgment upon praecipe of a party, the prothonotary shall enter judgment upon praecipe of a party in the following instances:

. . . . .

(2) When a court grants or denies relief, *but does not itself enter judgment* or order the prothonotary to do so.

The meaning of Rule 1039 is clear: When the court does not *itself* enter judgment, in order to obtain a final judgment the parties must themselves praecipe the prothonotary to enter judgment. However, where, as here, the court does enter judgment, there is a final judgment in the case, and there is obviously no need for the parties to further praecipe the prothonotary to do what has already been accomplished. In the instant case the trial court did not simply render a verdict or preliminary decision as contemplated by Rule 1038; rather, it entered a judgment which was final and appealable.

■ Next Traverse argues, "By failing to file exceptions to the decision of the lower court, [Raudenbush] has not preserved any issues for appeal." Our rules and case law require litigants to file exceptions to nisi determinations of trial courts because "appellate review is more meaningful when the trial court has first had an opportunity to review its decision and to address the specific allegations of error raised in exceptions." *Jones v. State Auto. Ins. Ass'n,* ——

Pa.Super. ——, ——, 455 A.2d 710, 713 (1983). However, there is no requirement that exceptions be filed after entry of final judgment.

■ Section 7 of the Municipal Authorities Act of 1945, Act of May 2, 1945, P.L. 382, as amended by Act of July 31, 1963, P.L. 431, § 1, 53 P.S. § 309, provided, *inter alia,* that municipal authority members' terms be staggered and of one, two, three, four and five year duration commencing on January first, and, thus, expiring on December thirty-first, and that vacancies which had occurred or were about to occur were to be filled by appointment of a "member ... for a term of five years from the date of expiration of the prior term." [1] Pursuant to this provision, on January 13, 1975, the Lower Southampton Township Board of Supervisors appointed John Garczyk to the Municipal Authority for a term of five years ending January 7, 1980, seven days longer than authorized by the statute.

In 1978, Section 7, supra, was amended to provide for commencement of municipal authority board members' terms on the first Monday in January, and to eliminate the provision for filling vacancies before they occur. [2] Act of

1.  (a) If the Authority is incorporated by one municipality the board shall consist of such number of members not less than five as shall be set forth in the articles of incorporation or amendment thereto. The governing body of such municipality *shall appoint the members of the board, whose terms of office shall commence on the date of appointment. One member shall serve for one year, one for two years, one for three years, one for four years, and one for five years from the January first next succeeding the date of incorporation or amendment,* and if there are more than five members of the board, their terms shall be staggered in a similar manner for terms of from one to five years from the January first next succeeding. Thereafter *whenever a vacancy has occurred or is about to occur* by reason of the expiration of the term of any member, *the said governing body shall appoint a member of the board for a term of five years from the date of expiration of the prior term to succeed the member whose term has expired or is about to expire.*
(Emphasis supplied.)

2.  (a) If the Authority is incorporated by one municipality the board shall consist of such number of members not less than five as shall be set forth in the articles of incorporation or amendment thereto. The governing body of such municipality shall appoint

March 14, 1978, P.L. 12, No. 7, § 1, 53 P.S. § 309 (Supp. 1982–1983). At a special meeting on January 3, 1980, the Board of Supervisors of Lower Southampton Township appointed Traverse to fill the vacancy resulting from the expiration of Graczyk's term. Subsequently, on January 7, 1980, a newly constituted Board of Supervisors appointed Raudenbush to fill the vacancy caused by the expiration of Graczyk's term. The Authority Board seated Traverse and refused to seat Raudenbush. Raudenbush argues the January third appointment of Traverse contravened the provision of the 1978 amendment to Section 7 providing for appointments to fill vacancies only after the vacancies occur, and is, therefore, a nullity.

The lower court, in its opinion, accurately and concisely disposed of this argument as follows:

[N]othing in the amendment purported to change the terms of office of those incumbents at the time of the effectiveness of the amendment. Therefore, Graczyk was appointed in 1975, prior to the effective date of the amendment, and at the time of his appointment it was to terminate on December 31, 1979. The Board of Township Supervisors did not have the power at the time they made that appointment to extend his term to January 7, 1980 and therefore that portion of the motion is mere surplusage. The amendment does not purport to change the terms of incumbents and therefore his term ended at midnight on December 31, 1979. Therefore, on January 3, 1980 there was a vacancy which the then incumbent Board

the members of the board, whose terms of office shall commence on the date of appointment. One member shall serve for one year, one for two years, one for three years, one for four years and one for five years *from the first Monday in January* next succeeding the date of incorporation or amendment, and if there are more than five members of the board, their terms shall be staggered in a similiar manner for terms of from one to five years *from the first Monday in January* next succeeding. Thereafter whenever a vacancy *has occurred* by reason of the expiration of the term of any member, the said governing body shall appoint a member of the board for a term of five years from the date of expiration of the prior term to succeed the member whose term *has expired.*
(Emphasis supplied.)

of Township Supervisors had the right and power to fill. When they appointed defendant Thomas Traverse they were appropriately filling the vacancy. From that it follows that there was no vacancy to fill on January 7, 1980 and therefore the appointment of Charles Raudenbush, Sr. on that date was of no effect.

Affirmed.

ZAPPALA, J., files a concurring opinion.

ZAPPALA, Justice, concurring.

I concur in the result reached by the majority opinion. I cannot accept the finding that it was not necessary to file exceptions in order to obtain appellate review on the issues.

Rule of Civil Procedure 1038(d) provides that:

"Within ten (10) days after notice of the filing of the decision, exceptions may be filed by any party to the decision or any part thereof, to rulings on objections to evidence or to any other matters occurring during the trial. Each exception shall set forth a separate objection precisely and without discussion. Matters not covered by exceptions are deemed waived unless, prior to final judgment, leave is granted to file exceptions raising these matters. No motion for a new trial, for judgment non obstante veredicto, in arrest of judgment or to remove a nonsuit may be filed."

I would read the rule so as to require exceptions.

The majority cites *Jones v. State Automobile Insurance Association*, —— Pa.Super. ——, 455 A.2d 710 (1983), in support of the proposition that the filing of exceptions was not necessary. In that case, the plaintiff brought an action for no-fault insurance benefits by means of a Petition and Rule to Show Cause. The Superior Court held that the proper procedure was to file a praecipe for a writ of summons, a complaint, or an agreement for an amicable action. However, any objection to the procedure was waived by not being raised. The Court held that the failure of the plaintiff to file exceptions to a decision adverse to her was

250

excusable because there was confusion as to the proper procedure to be followed on a Petition and Rule. In other cases, the Superior Court has consistently taken the position that exceptions must be filed to preserve issues for appellate review. *See, e.g., Zvonik v. Zvonik,* 291 Pa.Super. 309, 435 A.2d 1236 (1981). In *E.J. McAleer & Co., Inc. v. Iceland Products, Inc.,* 475 Pa. 610, 381 A.2d 441 (1977), we held that the trial court acted properly in not allowing exceptions to be filed beyond the prescribed time. The weight of authority indicates that it is necessary to file exceptions to preserve issues for appeal. I would adhere to that principle in the instant case.