465 A.2d 658

**John A. DISTLER, Appellant,**

v.

**PENNSYLVANIA ASSIGNED CLAIMS PLAN.**

Superior Court of Pennsylvania.

Argued April 20, 1983.

Filed Sept. 2, 1983.

Petition for Allowance of Appeal Denied Jan. 18, 1984.

Paul J. Duca, Philadelphia, for appellant.

David M. McCormick, Philadelphia, for appellee.

Before WICKERSHAM, ROWLEY and WATKINS, JJ.

WICKERSHAM, Judge:

This case comes to us after appellant John Distler's petition to compel the Pennsylvania Assigned Claims Plan to appoint an insurance company to handle his uninsured motorist claim was denied by the lower court.[1] On December 18, 1981, John Distler filed a petition to compel the assignment of an insurance company to his uninsured motorist claim. The Pennsylvania Assigned Claims Plan (hereinafter Assigned Claims Plan) filed preliminary objections arguing that they had been improperly served.

After the Assigned Claims Plan was properly served, the lower court denied Distler's petition to appoint an insurance company but granted Distler leave to file an amended petition setting forth facts which would require the Assigned Claims Plan to appoint an insurer. Distler filed an

---

**1.** Distler phrases the issues in this appeal as follows:
1. Whether, pursuant to the Pennsylvania No-Fault Motor Vehicle Insurance Act, the Pennsylvania Assigned Claims Plan is required to accept appellant's claim for uninsured motorist benefits:
2. Whether appellant, a motorcyclist, is entitled to recover uninsured motorist benefits through the Pennsylvania Assigned Claims Plan.
Brief for Appellant at 3.

amended petition. The amended petition was denied and this appeal followed.[2]

The record in this case is not fully developed because the case has not been heard on its merits. The pleadings state that on June 12, 1981, John Distler was struck by a motorist as Distler was driving his motorcycle. The motorist and Distler were both uninsured. Distler alleges that he was seriously injured in the accident.

Distler requested the Assigned Claims Plan to appoint an insurance company to process his uninsured motorist claim. The Plan refused to assign an insurance company until the Pennsylvania Supreme Court acted on a petition for rehearing in *Tubner v. State Farm Mutual Automobile Insurance Company*, 496 Pa. 215, 436 A.2d 621 (1981). Distler pointed out that a rehearing was denied in *Tubner* and argued that under *Tubner* he was entitled to uninsured motorist benefits.

■ We note that Distler began this litigation by filing a petition seeking the appointment of an insurance company to handle his claim for uninsured motorist benefits. The recent case of *Jones v. State Automobile Insurance Association*, 309 Pa.Super. 477, 455 A.2d 710 (1983) makes it clear that an action for no-fault benefits should not be commenced by a petition. In this case Distler is not seeking no-fault basic loss benefits but rather uninsured motorist benefits; nevertheless the principles set forth in *Jones, id.*, are equally applicable here. Accordingly, Distler's claim was not properly presented. *Jones, supra,* also teaches us that beginning an action by petition is a waivable procedural defect. 309 Pa.Super. at 480, 455 A.2d at 711. Appellee Assigned Claims Plan did not object to Distler's commencing his action by petition and the defect is therefore waived.

■ The Assigned Claims Plan's waiver does not, however, save Distler's claim. In *Jones, supra,* this court

**2.** The lower court denied appellant's petition to compel the Pennsylvania Assigned Claims Plan to appoint an insurance company to handle appellant's claim for No-Fault Insurance benefits and Distler filed his notice of appeal that same day.

decided that to preserve issues for appellate review in a no-fault action commenced by petition, a party must file exceptions to the decision of the trial court and have these exceptions passed on by the trial court *en banc.* 309 Pa.Super. at 481, 455 A.2d at 713. Because of the confusion in this area of the law the *Jones* court ruled that the failure to file exceptions would be excused in no-fault cases now on appeal where the petition and rule defect was waived *if* the trial court entered a final order prior to the decision in *Floczak v. Nationwide Mutual Insurance Co.,* 289 Pa.Super. 438, 433 A.2d 885 (1981). The lower court order appealed from here was entered on May 24, 1982, well after the decision in *Floczak, id.,* and no exceptions were filed. The failure to file exceptions means no issues are preserved for our review.

Appeal quashed.