467 A.2d 29

**Timothy RALPH, Appellant,**

v.

**OHIO CASUALTY INSURANCE COMPANY.**

**Timothy RALPH**

v.

**OHIO CASUALTY INSURANCE COMPANY, Appellant.**

Superior Court of Pennsylvania.

Argued June 1, 1983.

Filed Oct. 21, 1983.

---

Harold F. Kaufman, Philadelphia, for Ralph, appellant (at No. 981) and appellee (at No. 1073).

C. Richard Morton, West Chester, for Ohio Cas. Ins. Co., appellant (at No. 1073) and appellee (at No. 981).

Before ROWLEY, WIEAND and BECK, JJ.

WIEAND, Judge:

The present cross appeals filed by both parties from an order of the trial court awarding work loss benefits under the Pennsylvania No-Fault Motor Vehicle Insurance Act [1] are controlled by the decision of this Court in *Jones v. State Automobile Insurance Association*, 309 Pa.Super. 477, 455 A.2d 710 (1983).

1. Act of July 19, 1974, P.L. 489, No. 176, Art. 1, § 101 et seq., 40 P.S. § 1009.101 et seq.

Timothy Ralph, while a pedestrian in the vicinity of Gay Street in West Chester on October 17, 1979, was struck and allegedly injured by a motor vehicle operated by Horace Paul. Paul was an insured under a policy issued by Ohio Casualty Insurance Company. Three days later, Ralph was injured when he was shot in the chest in a bar. As a result of the shooting, Ralph was seriously injured and was hospitalized from October 20, 1979 to December 19, 1979. He subsequently submitted a claim for work loss benefits to Ohio Casualty. When information required by the insurer from Ralph and his employer was not forthcoming, the claim was denied. Ralph then commenced the instant action by filing a petition and rule. The insurer did not object to this procedure. The court which heard the case awarded work loss benefits in the amount of $1,860.58 *for the period from December 19, 1979 to February 8, 1980*. Interest was also awarded at the rate of 18%, but a claim for counsel fees was denied. Both parties appealed without first filing exceptions in the trial court.

■ In *Floczak v. Nationwide Mutual Insurance Company*, 289 Pa.Super. 438, 433 A.2d 885 (1981), this Court held that an action for work loss benefits could not be commenced by petition and rule but had to proceed from the filing of a complaint or praecipe for summons. Nevertheless, in *Jones v. State Automobile Insurance Association, supra*, we held that the use of a petition and rule was a waivable, procedural defect. Such a defect, we held, was waived where the respondent failed to object. Although the instant proceeding was commenced by petition and rule, the defect has been waived by the insurer's failure to object.

■ The Court also concluded in *Jones v. State Automobile Insurance Association, supra*, that, "in order to preserve issues for appellate review, a party must file exceptions to the trial court's decision and have the exceptions passed on by the court *en banc.*" *Id.* 309 Pa.Super. at 481, 455 A.2d at 711–712. See also: Pa.R.C.P. 1038. "Appellate review is more meaningful when the trial court has first had an opportunity to review its decision and to address the

specific allegations of error raised in exceptions." *Id.*, 309 Pa.Superior Ct. at 484, 455 A.2d at 713. The wisdom of this requirement is nowhere more apparent than where, as here, the reasoning of the trial court is elusive and the proof, as the trial court described it, was "ambiguous." In this case, more than in most, it is important that the trial court have an opportunity to address the errors alleged on appeal.

Generally, issues not preserved by exceptions are waived. However, in accordance with the ruling in *Jones v. State Automobile Insurance Association, supra,* we conclude that the failure to file timely exceptions in this case should be excused. Because exceptions are nonetheless necessary to meaningful appellate review, we will remand to permit the parties to file exceptions nunc pro tunc to the order from which they have appealed.

Remanded for proceedings in accordance with this opinion. Jurisdiction is not retained.