479 A.2d 1005

**Richard A. HAEGELE, Administrator of the Estate of Linda C. Haegele**

v.

**PENNSYLVANIA GENERAL INSURANCE CO., Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 4, 1983.

Filed June 22, 1984.

Reargument Denied Sept. 4, 1984.

482

Roger J. Harrington, Philadelphia, for appellant.

Paul D. Keenan, Philadelphia, for appellee.

Before WICKERSHAM, WIEAND and LIPEZ, JJ.

WICKERSHAM, Judge:

This is an appeal from the judgment of the Court of Common Pleas of Philadelphia County, which resulted from an order denying appellant's petition to vacate or modify the arbitrator's award, and confirming the award of the arbitrators.

In July of 1978, Linda C. Haegele, age 16, died of injuries suffered while a passenger in an automobile owned by a Mr. Kaisinger. Linda's estate (hereinafter "Estate") received a payment of $15,000.00 under the liability provision of Kaisinger's automobile insurance policy. The payment was the maximum amount allowed per person in a single accident under Kaisinger's policy.

Because the Estate alleged damages exceeding $15,-000.00,[1] and because Linda was covered under her father's insurance policy on two different vehicles,[2] the Estate filed a claim with its insurer, Pennsylvania General Insurance Company (hereinafter "Insurer"), appellant herein. The Estate sought $60,000.00 in underinsured motorist benefits under the policy, pursuant to provisions containing $30,-000.00 in underinsurance coverage for each of the two vehicles insured by the Haegele family. In essence, the Estate sought to cumulate or "stack" the coverage.

When the Insurer refused to make payment on the claim, the Estate petitioned the Court of Common Pleas of Philadelphia County to compel the Insurer to arbitrate the claim pursuant to an arbitration provision in the policy. On March 4, 1981, the court ordered that the claim proceed to arbitration. Thereupon, the matter proceeded to arbitration under the terms of the Pennsylvania Uniform Arbitration

1. The Estate alleged that the damages incurred were in excess of $100,000.00.

2. There is no dispute regarding payment of premiums under the policy, or that the deceased was covered under said policy at the time of the accident.

Act, 42 Pa.C.S. § 7301 *et seq.*[3] After a hearing on the merits, the arbitrators unanimously found in favor of the Estate for $60,000.00 in underinsurance coverage.

On August 25, 1981, the Insurer filed a timely petition to vacate or modify the arbitrators' award with the Court of Common Pleas of Philadelphia County. The Insurer's position was that the policy terms limited the underinsurance coverage to $30,000.00—the amount provided for one vehicle. The Estate responded by filing preliminary objections, which were treated by the lower court as an answer to the Insurer's petition. After hearing oral argument, the Honorable Eugene Gelfand entered an order on January 14, 1982, denying the Insurer's petition to vacate or modify, and confirming the arbitrators' award.

The Insurer filed no exceptions to Judge Gelfand's final order and on February 8, 1982, judgment was entered upon the order and award. The Insurer filed a timely notice of appeal from the lower court's denial of its petition and from the entry of judgment on the arbitrators' award. The Estate filed a motion to dismiss the appeal, citing the Insurer's failure to file exceptions and preserve issues for appeal. On May 26, 1982, our court denied the motion to dismiss, but directed the parties to address this issue in their briefs.[4]

Appellant Insurer raises the following questions:

 I. Was the proceeding before Judge Gelfand a hearing on a petition and not a bench trial therefore not

**3.** The arbitration clause of the underinsured motorist coverage contained in the Haegele's policy provides that unless otherwise agreed, "arbitration will take place in the county and state in which the covered person lives," and that "local rules of law as to procedure and evidence will apply." The parties agreed at the time of the arbitration hearing to follow the terms of the Pennsylvania Uniform Arbitration Act, 42 Pa.C.S. § 7301 *et seq.* rather than the Pennsylvania Arbitration Act of 1927, as specified in the policy itself.

**4.** The Superior Court noted that this same issue was, at that time, before the court *en banc* in the case of *Jones v. State Automobile Insurance Assoc.,* 309 Pa.Super. 477, 455 A.2d 710 (1983). The decision in that case has since been filed at the above citation.

depriving this court of jurisdiction based on the failure to file exceptions?

II. Was the arbitrators' award against the law of this Commonwealth and as such should it have been modified and/or vacated by the lower court?

III. Was the set-off clause contained within the underinsurance coverage endorsement valid, and if so, should it not have reduced the arbitrators' award accordingly?

Brief for Appellant at 3. We must first address the waiver issue.

Appellee Estate argues that since no exceptions to the final order of the lower court (denying the Insurer's petition to vacate or modify the arbitrators' award and confirming that award) were filed, appellant Insurer has waived its right to object to the lower court's order. The Estate characterizes this to be a situation governed by Pa.R.C.P. 1038(d). Pa.R.C.P. 1038 deals with trial without a jury and states in pertinent part:

(d) Within ten (10) days after notice of the filing of the decision, exceptions may be filed by any party to the decision or any part thereof, to rulings on objections to evidence or to any other matters occurring during the trial. Each exception shall set forth a separate objection precisely and without discussion. Matters not covered by exceptions are deemed waived unless, prior to final judgment, leave is granted to file exceptions raising these matters. No motion for a new trial, for judgment non obstante veredicto, in arrest of judgment or to remove a nonsuit may be filed.

The Estate bases its reasoning on 42 Pa.C.S. § 7320(b),[5] a section of the Pennsylvania Uniform Arbitration Act, which states that an appeal from a court order under this act "shall be taken in the manner, within the time and to the same extent as an appeal from a final order of court in a

5. Appellee actually refers us to 42 Pa.C.S. § 7340(b) in their brief, but since there is no such section of the Act, we assume that this was a misprint.

civil action." The manner applicable, according to the Estate, would be the assumpsit rules, and in particular, Pa.R. C.P. 1038(d).

The Insurer, on the other hand, argues that the proceeding before the trial court was a hearing on a petition and not a bench trial and therefore the failure to file exceptions does not deprive us of jurisdiction. As a hearing on a petition, the proceeding was not subject to Pa.R.C.P. 1038(d), which is directed toward the filing of exceptions to non-final orders after bench trials.[6]

 Judicial review of an arbitration award under the Uniform Arbitration Act as enacted in Pennsylvania, is obtainable (1) upon an application to the court to vacate the award, 42 Pa.C.S. § 7314, or (2) upon an application to the court to modify or correct the award, 42 Pa.C.S. § 7315. An application to vacate an award may be joined in the alternative with an application to modify or correct the award, as was done by the Insurer herein. 42 Pa.C.S. § 7315(c). 42 Pa.C.S. § 7316 states that upon the granting of a court order confirming, modifying, or correcting an award, a judgment or decree shall be entered in conformity with the order. Finally, 42 Pa.C.S. § 7317 states:

### § 7317. Form and service of applications to court

Except as otherwise prescribed by general rules, an application to the court under this subchapter *shall be by petition and shall be heard in the manner* and upon the notice provided or *prescribed by law for the making and hearing of petitions in civil matters.* Unless the parties

---

**6.** We note that there is some confusion in the law concerning the correct procedure to use in situations such as this. The petition and rule (to vacate or modify the arbitrators' award) appear to have been filed by the Insurer as original process. Brief for Appellant at 8. It appears from the record that jurisdiction may have been acquired by the lower court at an even earlier point, when the Estate filed a petition to compel arbitration. Generally, an action may be commenced by petition only when authorized by statute, because petition proceedings are considered auxiliary and are to be used to facilitate jurisdiction already acquired. *See Goodrich-Amram 2d,* § 1007:1, p. 464. The Insurer claims that the vacation or modification of statutory arbitration awards is one such instance where a petition may be used as original process. We agree.

> otherwise agree, notice of an initial application for an order of court shall be served in the manner provided or prescribed by law for the service of a writ of summons in a civil action.

(emphasis added). It seems clear that under the above section, an application to the court under section 7314 or section 7315 shall be by petition and shall follow regular petition rules. The use of this type of procedure has been recognized and accepted by the courts. A party who seeks review of an arbitration award must petition the court of common pleas to vacate (or modify) the award. *Reinhart v. State Automobile Insurance Association,* 242 Pa.Super. 18, 363 A.2d 1138 (1976). The proper procedure to vacate an arbitrators' award is by petition to the court of common pleas and not by a complaint in equity. *Nationwide Mutual Insurance Co. v. Barbera,* 443 Pa. 93, 277 A.2d 821 (1971); *Great American Insurance Co. v. American Arbitration Association,* 436 Pa. 370, 260 A.2d 769 (1970).[7]

▮ Since the proceeding below was a matter exclusively governed by the rules of petition practice, and not an action in assumpsit subject to Pa.R.C.P. 1038(d), the Insurer was not required to file exceptions to the final order of the court. In *Kennedy v. Frank L. Black, Jr., Inc.,* 271 Pa.Super. 454, 413 A.2d 1104 (1979), *rev'd on other grounds* 492 Pa. 397, 424 A.2d 1250 (1981), the court, in deciding whether to open a default judgment, discussed the difference between petition proceedings and assumpsit actions:

> The critical distinction to be drawn is between petition proceedings, generally, and conventional cases tried by a jury or the court. Rule 1038 is applicable only to the latter, while the proceedings to open a default judgment

---

7. Recent cases, by their absence of comment, have continued to accept and follow the rule that the proper procedure in attempting to vacate or modify or confirm an arbitrator's award is by petition. For example, *see, Hiller v. Allstate Insurance Co.,* 300 Pa.Super. 149, 446 A.2d 273 (1982); *Obdyke v. Harleysville Mutual Insurance Co.,* 299 Pa.Super. 298, 445 A.2d 763 (1982); *affirmed* 500 Pa. 107, 454 A.2d 984 (1982).

are governed by the rules of the former. 7 Standard Pennsylvania Practice § 105. A *hearing on a petition is not to be equated with a trial by the court sitting without a jury. Therefore, exceptions to the decision to open the judgment would not have been proper...* *Id.* 271 Pa.Super. at 459, 413 A.2d at 1107 (emphasis added). *See also In Re Custody of Frank,* 283 Pa.Super. 229, 423 A.2d 1229 (1980) (no exceptions required to grant of petition to confirm custody).[8] We find that the filing of exceptions

**8.** However, we must consider what effect, if any, our recent decisions in *Jones v. State Automobile Insurance Association,* 309 Pa.Super. 477, 455 A.2d 710 (1983), and *Floczak v. Nationwide Mutual Insurance Co.,* 289 Pa.Super. 438, 433 A.2d 885 (1981), have had on petition proceedings in no-fault insurance cases. In *Floczak,* our court held that a claim for basic work loss benefits under the Pennsylvania No-Fault Insurance Act may not be commenced by petition and rule. Rather, in accordance with Rule 1007, an action for no-fault benefits may only be commenced by filing a praecipe for a writ of summons, a complaint, or an agreement for an amicable action. *Floczak* distinguished between the commencement of an action and the filing of an application, or petition, after suit has been started. We note that *Floczak* found the wording in the act which permits proceeding upon "application" to be synonymous with "petition and rule." *Floczak, supra,* 289 Pa.Superior Ct. at 442, 433 A.2d at 887. This is the same wording used in §§ 7314 and 7315 of the Pennsylvania Uniform Arbitration Act.

*Jones, supra,* reiterated that an action under the No-Fault Act may be commenced only by the three methods listed in Pa.R.C.P. 1007. However, commencement of such an action by petition and rule is a waivable defect, since it is procedural. *Id.* 309 Pa.Super. at 481–482, 455 A.2d at 712. As in *Jones,* the Estate herein filed an answer to the insurer's petition, and thus waived any objection to the manner in which the action was commenced. *Jones* went on to hold that the proper procedure to be followed in appealing cases wrongfully initiated by petition and rule is the same as that followed in the disposition of civil cases following a non-jury trial. Therefore, Pa.R.C.P. 1038(d) applies, which requires the filing of exceptions within ten days after notice of the filing of a decision. The failure to file such exceptions results in a failure to preserve issues for appellate review. *Id.,* 309 Pa.Superior Ct. at 481–484, 455 A.2d at 712–713. The appellant's failure to file exceptions before appealing in *Jones* was excused, however, by the following reasoning:

In view of the considerable confusion that existed prior to the court's decision in *Floczak v. Nationwide Mutual Insurance Co., supra,* about the proper procedure to be followed in these cases, appellant's belief that the action could be begun by petition and rule had, at least, arguable merit. Additionally, no rule of court expressly requires the filing of exceptions to a final order dismissing a

is not a condition precedent to an appeal from the denial of a petition to vacate or modify an arbitrators' award or the confirmation of an arbitrators' award under the Uniform Arbitration Act.

Moving on to the merits of the Insurer's appeal, we must determine whether the arbitrators' award was against the law of Pennsylvania so that it should have been modified and/or vacated by the court below. Following the order of the lower court granting the Estate's petition to compel arbitration, a hearing was held and the arbitrators made an award in favor of the Estate in the amount of $60,000.00. It is this award that is contested.

■ Under 42 Pa.C.S. § 7302(d)(2), the lower court, in reviewing the arbitration award, should have modified or corrected the award if it was contrary to law and was such

petition. In fact, a panel of this court had held that Rule 1038(d) did *not* apply to petition and rule proceedings. *Kennedy v. Frank L. Black, Inc.,* 271 Pa.Super. 454, 413 A.2d 1104 (1979). Therefore, appellant's right of review should not be barred by her failure to file exceptions.

*Id.* 309 Pa.Super. at 483, 455 A.2d at 713.

*Jones* declared its holding to be prospective only, in the sense that in any no-fault cases on appeal which were commenced by petition and rule without objection by the opposing side, and where a final order was entered by the trial court prior to *Floczak, supra,* the failure to file exceptions will be excused. *Floczak* was decided on July 24, 1981. The final order appealed from in the instant case was entered in January of 1982, six months after Floczak. *See also Distler v. Pennsylvania Assigned Claims Plan,* 318 Pa.Super. 487, 465 A.2d 658 (1983); *Ralph v. Ohio Casualty Insurance Co.,* 320 Pa.Super. 262, 467 A.2d 29 (1983).

Neither *Floczak, Jones,* nor *Distler,* which were all no-fault cases, involved statutory arbitration or the filing of underinsurance claims. These appear to be major distinguishing factors between those cases and the instant case. The Pennsylvania Uniform Arbitration Act expressly authorizes the use of a petition to vacate or modify an award of the arbitrators. 42 Pa.C.S. § 7314, § 7315, § 7317. Final judgment was entered on the court's order denying the petition to vacate or modify and confirming the award of the arbitrators, pursuant to 42 Pa.C.S. § 7316. 42 Pa.C.S. § 7320(a)(3) and (a)(6) state that an appeal may be taken from a court order confirming an award and from a final judgment or decree of a court entered pursuant to the Uniform Arbitration Act. We find that the filing of exceptions is not a condition precedent to appealing the denial of a petition to vacate or modify an arbitrators awards, or the confirmation of an arbitrators' award, under the Uniform Arbitration Act.

that had it been a jury verdict, the court would have entered a different judgment or a judgment n.o.v. This is the same standard of review recognized by the lower court in this case. Lower ct. op. at 4. Appellant Insurer argues that while the lower court recognized its proper scope of review, it failed to exercise its power under that scope, thereby committing reversible error.

■ Initially, we find no merit to the Insurer's argument that the arbitrators had no authority to decide whether stacking applied in this case. We interpret the underinsured motorist arbitration provision in Mr. Haegele's policy as requiring the arbitrators to determine whether a "covered" person is legally entitled to collect damages under the clause in question, and the amount of damages recoverable. This provision encompassed all the parties' claims concerning the above issues, including the availability of stacking.

At the arbitration hearing and on this appeal, the Estate argues that (1) the Insurer failed to meet its burden of proof, as required under Pennsylvania law, regarding the affirmative defense of policy limitations and (2) the Estate was entitled to collect benefits under the coverage for each insured vehicle as a matter of law. The Arbitrators agreed with the Estate, as did the lower court. The Insurer primarily argues that (1) the Estate was not entitled to collect benefits for each insured vehicle as a matter of law, and (2) *Hionis v. Northern Mutual Insurance Co.*, 230 Pa.Super. 511, 327 A.2d 363 (1974) is not applicable to this case.

The provisions of the underinsured motorist coverage in the insurance policy issued to Mr. Haegele by the Insurer set out the rights and obligations of the parties. On the second page of the underinsurance section, which consisted of a single sheet of paper with page one on the front and a continuation on the back, a section entitled "Limit of Liability" read as follows:

The limit of liability shown in the Schedule for this coverage is our *maximum limit of liability* for all damages resulting from any one accident.

*This is the most we will pay regardless of the number of covered persons, claims made, vehicles or premiums shown in the declarations, or vehicles involved in the accident.* However the limit of liability shall be reduced by all sums paid because of the bodily injury by or on behalf of persons or organizations who may be legally responsible. This includes all sums paid under the Liability Coverage of this policy....

(Record at 24) (emphasis added). The amount shown in the Schedule on the front page of the policy was actually zero or limitless, depending on one's point of view, because it was left blank. On the declaration page under "coverage descriptions," the amount shown for underinsurance was $30,000.00 for car 1 and $30,000.00 for car 2. (See R. 22–24, 87–89).

The Estate does not claim that the above clause, other than leaving the schedule amounts blank, is ambiguous. Rather, it claims that, regardless of whether the policy is clear or ambiguous, since the Insurer neither brought to Mr. Haegele's attention nor explained to him any exclusions or limitations in the underinsured motorist coverage contained in the body of his policy, the Insurer failed to meet its burden of proof regarding its affirmative defense of limitations. In essence, the Estate attempts to bring this case within the *Hionis* line of decisions.

Unfortunately for the Estate, our supreme court has recently put an end to most *Hionis*-based arguments. In *Standard Venetian Blind Co. v. American Empire Insurance Co.*, 503 Pa. 300, 469 A.2d 563 (1983), the court held that Hionis is not to be followed in cases where the limitation clause in an insurance contract is clear and unambiguous. The court went on to state:

Although on this record we reject *Hionis*, we note that in light of the manifest inequality of bargaining power between an insurance company and a purchaser of insurance, a court may on occasion be justified in deviating from the plain language of a contract of insurance. See 13 Pa.C.S. § 2302 (court may refuse to enforce contract

or any clause of contract if court as a matter of law deems the contract or any clause of the contract to have been "unconscionable at the time it was made"). This record does not present such an occasion. We hold only that where, as here, the policy limitation relied upon by the insurer to deny coverage is clearly worded and conspicuously displayed, the insured may not avoid the consequences of that limitation by proof that he failed to read the limitation or that he did not understand it. *Id.*, 503 Pa. at 307, 469 A.2d at 567.

■ Since the Estate does not claim that the limitation clause was ambiguous or "unconscionable at the time it was made," we hold that the *Hionis* line of decisions does not apply in the instant case.[9]

■ However, we must also examine the law of Pennsylvania on the stacking of underinsurance benefits. It is here that the Estate's argument must fall. Our court has recently held in *Votedian v. General Accident Fire and Life Assurance Corp.*, 330 Pa.Super. 13, 478 A.2d 1324 (1984) that policy provisions identical to the one in the instant case, which prevent the stacking of underinsurance coverages and require a set-off for moneys paid by the tortfeasor, are valid and enforceable. Public policy is not violated by such provisions.

Therefore, we modify the award of the arbitrators to reflect the unambiguous agreement of the parties. The arbitrators award is reduced to $30,000.00, the amount provided for in the contract, and is further reduced to $15,000.00, to reflect the set-off provisions.

Judgment is modified as specified.

**9.** Although the lower court ruled primarily on the Estate's right to collect as a matter of law under each insured vehicle's coverage, and did not reach the applicability of *Hionis,* it stated that: "However, it should be noted that nowhere in the record is there any indication that Mr. Haegele, as the policyholder, was aware of the exclusionary clause or of the effect of same upon him." Lower ct. op. at 8, n. 10. Of course, the lower court reached its opinion before the decision in *Standard Venetian Blind Co. v. American Empire Insurance, supra.*